JOHN A. MOULTON, vs. MICHAEL DORAN, County Treasurer of Le Sueur County, impleaded with WILLIAM SMITH, County Auditor, &c., et al.

The complaint shows that before the commencement of this action the plaintiff "was lawfully seized and possessed of Block 23 in the town of Kasota, Le Sueur County, composed and comprising ten distinct and separate lots, numbered from one to ten inclusive, which piece, parcel or tract of land had been

surveyed and platted as aforesaid, and the plat thereof filed in the office of the Register of Deeds for said county, during the year 1855." It is admitted by plaintiff's counsel that said Block was originally assessed as one tract. In 1862 the plaintiff was the owner of the Block, and there were then on it taxes for 1859 and previous years. In January, 1863, the taxes remaining unpaid, the Block (as one tract) was sold in pursuance of the provisions of *Chapter 4 of the Laws of* 1862. The plaintiff in his complaint alleges "That said sale is totally void and of none effect, for the reason that said block being subdivided as herein before set forth, into lots, was not offered and sold in separate parcels, but as a whole tract." This action is brought to have said sale declared invalid for that reason. The validity of the assessment is not questioned except as in the portions of the complaint above quoted. *Held*—that in this case we can only take into account errors that are properly and peculiarly errors in the *sale* as distinguished from those that are errors in the assessment and proceedings antecedent to the notice of sale. That the Block having been originally assessed as a single tract, the Treasurer had no authority to sell in lots, nor, having sold it as one tract, had he any authority to permit a redemption of two lots without a payment of the whole tax due. That *in the sale* of the Block as one parcel, there was no error.

That facts in a pleading must be alleged directly and positively, and not by way of rehearsal, argument, reference or reasoning, and if not thus alleged they are not admitted by a failure to traverse them.

That in this case it is not alleged in a traversable form, or positively alleged at all, that said block was legally subdivided into lots.

This action was commenced in the District Court of Le Sueur County, against the Auditor and Treasurer of that county, and Erastus Edgerton and A. S. Cowley. The plaintiff in his complaint alleges " that before the commencement of this action the plaintiff was lawfully seized and possessed of in his own right in fee of Block No. 23, in the town of Kasota, in the County of Le Sueur and State of Minnesota, composed and comprising ten distinct and separate lots, numbered from one to ten inclusive, which piece, parcel or tract of land had been surveyed or platted as aforesaid, and the plat thereof filed in the office of the Register of Deeds for said Le Sueur County during the year 1855 ; that certain taxes assessed prior to the year 1859 were returned upon said Block as unpaid and delinquent; * * * that in default of the payment of said taxes by plaintiff, on or about the 12th day of

Moulton v. Doran et al.

January, 1863, the said Block * * * was sold for the non-payment of said taxes, &c., &c., in pursuance of *Chapter* 4 *of Laws of* 1862, and defendants Edgerton and Cowley became the purchasers," who received from the Auditor of said county a certificate of the sale, &c., &c., and that a deed of said Block had been executed by said Auditor to said defendants Edgerton and Cowley, in pursuance of said sale and certificate. "And the plaintiff avers and charges the fact to be that said sale is totally void and of none effect, for the reason that said block of land, being subdivided as herein before set forth, into lots, was not offered and was not sold by defendant Doran, County Treasurer, in separate lots and parcels, but was offered and sold as a whole tract or parcel."

"And for a further cause of action the plaintiff alleges that on the 13th day of January, 1864, and within one year from the day of said sale, the plaintiff tendered the *pro rata* amount of the entire tax, interest, penalty and charges upon said block, for the payment and redemption money of lots numbered 6 and 7 in said block, to the Auditor and Treasurer of said county, who refused to take the same or allow the plaintiff to redeem any part or portion of said block less than the whole thereof." The plaintiff demands that the sale be set aside, and the said certificate and deed be cancelled and declared null and void.

The defendant Doran appeared and answered, and thereupon the plaintiff moved the Court for an order "striking out the answer of defendant Doran for irrelevancy, and for judgment as for want of an answer." The Court granted the motion so far as to strike out the answer of defendant Doran, but refused to order judgment as for want of an answer upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff appealed from that part of the order refusing to order judgment, to this Court.

Cox & Griffin for Appellant.

A. G. Chatfield for Respondent.
vol. x.—10

Moulton v. Doran et al.

*By the Court*—WILSON, C. J.—The plaintiff alleges that before the commencement of this action, he "was lawfully seized and possessed in his own right, in fee of block numbered twenty-three in the town of Kasota, in the county of Le Sueur and State of Minnesota, composed and comprising ten distinct and separate lots, numbered from one to ten inclusive, which piece, parcel or tract of land had been surveyed and platted as aforesaid, and the plat thereof filed for record in the office of the Register of Deeds for said county during the year 1855." It is inferable from the complaint, and admitted by the plaintiff's counsel in the argument, that said block was originally assessed *as one tract.* In 1862 the plaintiff was the owner of the block, and there were then on it taxes for the year 1859 and previous years. In January, 1863, the taxes remaining unpaid, the block (*as one tract,*) was sold in pursuance of the provisions of *Chap.* 4, *of Laws of* 1862. The plaintiff in his complaint alleges "that said sale is totally void and of none effect, for the reason that said block of land being subdivided, as hereinbefore set forth, into lots, was not offered and sold in separate parcels but as a whole tract," and this action is brought to have said sale declared invalid for that reason. We think the facts alleged do not show the plaintiff entitled to the relief prayed for. The law under which the sale was made, provides (*Sec.* 6,) that an action to test or in any manner question the validity or regularity of the *assessment* can only be commenced prior to the sale, and (*Sec.* 7,) that an action to test the validity of the *sale,* shall be commenced within one year from the recording of the tax deed, thus clearly distinguishing between errors in the assessment and errors in the sale. If the law is constitutional, which we will presume in this case, as it is not questioned, then the only errors which we can take into account here are those that are properly and peculiarly errors in *the sale,* as distinguished from those that are errors in the assessment or proceedings, antecedent to the notice of sale. The block having been originally assessed as a single tract, the County Treasurer had no authority to sell in lots. It was his duty to sell in the sub-divisions in which

Moulton v. Doran et al.

the property was assessed. He was not presumed to know or bound to enquire whether the block was sub-divided into lots. The act under which the sale was made, required that the premises should be sold for an amount not less than that for which they might have been redeemed, and inasmuch as the lots had not been assessed separately, it was not possible for him to ascertain the sum for which any single lot should be sold. There is no presumption either of law or fact, that the several lots in a block are equal in value. It is true that the law required that each tract or parcel be separately sold, but this when read by the light of the other provisions of the same act, can only be held to mean that each parcel, *as assessed*, shall be sold separately. *In the sale* of this block, therefore, we think there was no error, and no question being made as to the validity of the assessment, it is not for us here to pass upon it. It is true that an error in the assessment is fundamental, and ordinarily renders void all subsequent proceedings, but the fact must be found to exist before any conclusion can be drawn from it; and before the Court can find or pass upon a fact, it must be admitted or presented for adjudication. This view is decisive of the case, for it is clear that the Treasurer could not legally permit the plaintiff to redeem two of the lots without paying the tax on the whole block. But if we are not correct in this view, still we think the plaintiff could not recover. The rule of pleading is well settled that facts must be alleged directly and positively, and not by way of rehearsal, argument, inference or reasoning, and if not thus alleged they are not admitted by a failure to traverse them. In the portions of the complaint above quoted, are found the only allegations that said block was legally sub-divided into lots at the time of the tax sale, while the fact that said block was sub-divided into lots may be inferred from the complaint, yet it is not alleged in a traversable form or positively alleged at all, and is therefore not admitted. The act of the legislature, under which the sale was made, was approved in time by the Governor. *Stinson vs. Smith*, 8 *Minn.*, 366.

Order of Court below affirmed.

BERRY, J.—Upon the ground last taken in the foregoing opin-ion, I agree with the conclusion arrived at.