[No. 2,925.]

## THE PEOPLE *v.* S. S. CULVERWELL, AND CERTAIN REAL ESTATE.

ASSESSMENT OF BLOCKS IN A CITY. — Blocks of land in a city may be assessed for taxation by blocks, when they are assessed to the owner, even if they have been subdivided into lots.

ASSESSING LAND AND IMPROVEMENTS THEREON. —Although, under the Revenue Act of 1861, the Assessor need not place the value of the land and the improvements thereon in separate columns, where both are assessed to the same person, yet, if he does. so, the assessment is not radically defective, and does not show that the improvements were twice assessed.

EFFECT OF SUFFERING A DEFAULT. — A defendant who fails to answer within the time allowed by the Court on the overruling of his demurrer, and whose default is entered, is not entitled to participate in the further proceedings in the case.

DEFAULT IN TAX SUIT.—After the default of a defendant has been entered, in a suit to recover delinquent taxes, the Court may enter judgment on the pleadings.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

Action to recover taxes assessed for the year 1869 on Lot B, Block 765; Lot A, Block 773; Lot B, Block 773; Lot E, Block 765; Lots F, H, and I, same block; Block 743, Block 559, Block 567, Block 568, Block 571, Block 632, Block 659, Block 662, and west half of Lot 1148, eighty acres in the City of San Diego.

The complaint averred that defendant Culverwell owned the property and that it was assessed to him.

The defendant Culverwell demurred to the complaint, the Court overruled the demurrer, and defendant was allowed ten days to answer, but failing to answer, default was entered. The defendants then appeared in Court and objected to a judgment without evidence to sustain the complaint. The Court overruled the objection and entered judgment by default without any evidence.

The defendants appealed.

*Levi Chase,* for Appellants.

The complaint shows that the improvements assessed to appellant Culverwell were situate upon and were a part of his real estate already assessed to him. Section six thousand one hundred and sixty-nine of General Laws provides for the assessment of improvements separate from the realty only when such improvements are upon "real estate assessed to a person other than the owner of the improvements." In such case the improvements are personal property, and as such property assessed; but where the real estate and improvements are owned by the same person, they all constitute the real estate of the owner, and cannot be assessed separately, since the assessment of the realty includes all improvements upon it owned by the person assessed, and another assessment for improvements creates a double assessment.

The statute, in an action to recover taxes, does not justify a judgment by default without proof. It is not "an action arising on contract," as contemplated in the first division of section one hundred and fifty of the Practice Act, but comes under the second division of that section, where in "other actions" the "proof of a fact is necessary to enable the Court to give judgment," "the Court may (shall) hear the proof, or order a reference," etc.

*Jo Hamilton, Attorney General*, for Respondent.

By the Court, RHODES, J.:

The complaint in this case appears to be drawn with more than usual care and skill. It does not appear whether the blocks of land which were assessed to the defendant had been subdivided. If they had not been subdivided, they were properly assessed and described in the complaint by blocks; and if they had been subdivided, still that description was sufficient, as they were assessed to the defendant as the owner. (*People* v. *Morse*, 43·Cal. 534.)

Improvements on real estate are, by section five of the General Revenue Act of 1861, classed as personal property; but section twenty, in stating the form of the assessment list, specifies " value of improvements on real estate assessed to persons other than the owners of said real estate," and does not provide a separate column for the value of improvements on real estate, owned by the person assessed. Although the Assessor need not, under that Act, place the value of the land and the improvements in separate columns, where both are assessed to the same person; yet if that course is pursued, the assessment is not radically defective. That mode of assessment does not show that the improvements were twice assessed. We are of the opinion that the demurrer to the complaint was properly overruled.

A defendant who fails to answer within the time allowed by the Court, on the overruling of his demurrer, and whose default is entered because of his failure to answer, is not entitled to participate in the further proceedings in the case, which eventuate in a judgment. After such default has been entered in a suit for the recovery of delinquent taxes, the Court may enter judgment on the pleadings. If there be a provision in any of the numerous Acts in respect to tax suits, which requires the production of evidence, after all the alle-

gations of the complaint are admitted by the defendants, it has not been brought to our notice.

Judgment affirmed, with ten per cent damages.