## DAVID KREGELO V. C. L. FLINT.

1. TEN-CENT FEE *for Tax-Sale Certificate.* Notwithstanding the change made by the statute of 1875, (Comp. Laws 1879, § 2520,) the ten-cent fee of the treasurer for issuing a tax-sale certificate is properly included in the costs and charges of sale.

2. LAND, *Assessed in Bulk and Sold in Part.* Where a tract of land is assessed in bulk at a gross sum, a sale of a part of the tract for a portion of the tax is irregular, and cannot be upheld by testimony that the apportionment of the tax made by the treasurer was fair. (*Shaw v. Kirkwood,* 24 Kas. 476.)

*Error from Lyon District Court.*

EJECTMENT, brought by *Kregelo* against *Flint,* for the recovery of the possession of the northwest quarter of the southeast quarter, and the northeast quarter of the southwest quarter, of section 30, township 20, range 13, situate in Lyon county. Trial at the March Term, 1881, of the district court, and judgment for the defendant for costs. The plaintiff brings the case here. The opinion states the facts.

*Cunningham & McCarty,* for plaintiff in error.

*Almerin Gillett,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The questions in this case arise on the sufficiency of two tax deeds, relied upon by the defendant. One objection to both is, that they show a sale for an amount ten cents in excess of the legal tax, interest and costs. This alleged excess is justified by defendant upon § 2520, Comp. Laws 1879, which reads: "The county treasurer in each county shall charge the party requiring his services for the use of the county the following fees: . . . For certificate of sale of land for taxes, ten cents." Now if this is a proper charge against the land, and to be included in a sale for non-payment of taxes, the objection falls to the ground. This section went into force in 1875. Prior to that time, the law

provided that the county treasurer should "receive the following fees: for certificate of sale of land for taxes, ten cents." (Gen. Stat., p. 479, § 7.) The statute in reference to sale certificates (Comp. Laws 1879, p. 961, § 116) simply provides that "the county treasurer shall give each purchaser, on payment of his bid, a certificate dated," etc. We think the objection not well taken, and that the ten cents was properly included. To interpret said § 2520 correctly, it must be borne in mind that at the time of its enactment a change was made in the compensation of county treasurers. Instead of being by fees and a per cent., it was made a fixed salary. In carrying out this change, the phraseology of the section prescribing fees was altered; but that it does not mean that which counsel claim, is evident from other fees included in said section. The single fee which precedes the one in question is, "for issuing warrants for the collection of taxes on personal property, twenty-five cents." Now in reference to that there is plainly no scope for the application of the words, "the party requiring his services." The tax-payer does not require that a warrant be issued against his property, and the county pays a salary only. But other fees and charges give life to these words. One is for "certificate of redemption, twenty-five cents." Now here is a charge made at the instance and request of a party. The redemptioner may fairly be said to require the services of the county treasurer. Again, it may be said that whenever the omission of a party compels the county treasurer to perform any official act, such party is the one requiring the services. Requiring carries something of the idea of compelling, as well as of requesting; so that the default of the land-owner requires the county treasurer to sell and issue the certificate of sale. But we are not disposed to place very much stress on these words. They may have force in reference to some of the fees provided for in the section; but we do not think they have much application in the case at bar. The duty of issuing a certificate of sale is cast upon the treasurer whenever anyone purchases the land; it is a duty as positive as that of issuing a tax warrant. It is a step

in the process of tax collection; not a matter of favor or accommodation, but a matter whose performance, necessary to induce tax-purchasing, is primarily for the benefit of the public. Hence, unless the language very plainly compels a different view, the fee therefor should pass into and become a part of the charges for which, by §§ 106 and 109 of the tax law, the treasurer is required to sell and afterward convey the land. We think, therefore, the deeds cannot be considered invalid by reason of the sale including the ten-cent fee for the certificate.

The other question is concluded by a prior decision. A tract of eighty acres was assessed as an entirety. The treasurer sold one-half in amount for one-half the tax. We held in *Shaw v. Kirkwood*, 24 Kas. 476, that such a sale is irregular and voidable. The treasurer is not an assessing officer, and cannot apportion values by amounts. Counsel seeks to avoid that decision by testimony that the treasurer correctly apportioned; that one-half in amount was really one-half in value. We do not think such inquiry permissible. The treasurer is not the assessing officer. Until the legislature makes provision for such a contingency, the treasurer has no authority to receive a portion of the tax on a single tract of land as a payment of the tax on a part of the land, and sell the remainder of the land for the balance of the tax. Such a sale is voidable, and the treasurer cannot uphold the action upon testimony that he apportioned values and amounts correctly.

These are the only questions in the case. We are compelled, therefore, to affirm the judgment as to one tract, and reverse it as to the other; and it is so ordered. The costs will be divided.

All the Justices concurring.