## HIRAM WYMAN AND ELLIOTT G. STEVENSON v. CHAS. BAER.

*Affidavit of publication—Tax-titles—Estoppel—Assessments.*

In ejectment by a purchaser on foreclosure the original affidavit of publication showed that the notice of sale was insufficient, but another affidavit was produced, correcting the first, and the publisher gave evidence tending to show that the sale was regularly advertised, and that the original affidavit was incorrect. *Held* that the testimony was admissible, but that it was for the jury to pass on, and could not be treated as conclusive by the court.

A mortgager in possession under color of title is presumed in the absence of evidence to the contrary, to be owner of the inheritance, and a purchaser on valid foreclosure acquires the same interest which he holds.

One who indemnifies a mortgagee against a tax-title cannot afterward set up the tax-title against his title as purchaser on foreclosure.

A tax-title is invalid where the land has been assessed in one body at one sum, while a particular share of the whole tax has been arbitrarily apportioned to a specific parcel.

Error to St. Clair. Submitted June 22. Decided June 29.

EJECTMENT. Defendant brings error. Reversed.

*O'Brien J. Atkinson* for plaintiff in error.

*Avery Brothers* for defendant in error. A person who gives a bond to indemnify a mortgagee against a tax-title cannot equitably buy the title and hold it as against him: *Doe v. Clifton* 4 Ad. & El. 813 ; *Lane v. Reynard* 2 S. & R. 65 ; *Gardiner v. Gerrish* 23 Me. 50 ; *Blake v. Howe* 1 Aik. 306 ; whatever he acquires must go to the benefit of the mortgagee's title and not to the injury of it: *Horton v. Ingersoll* 13 Mich. 409 ; *Bank v. Bronson* 14 Mich. 373 ; *Page v Webster* 8 Mich. 263 ; *Butler v. Porter* 13 Mich. 292 ; *Cooley v. Waterman* 16 Mich. 366 ; *Dubois v. Campau* 24 Mich. 360 ; *Sands v. Davis* 40 Mich. 14.

GRAVES, J. Baer brought ejectment for certain premises situated in St. Clair county and known and designated as lots

seven and eight and the east twenty feet of lot six in block thirty-three of the village of Fort Gratiot. The action was tried before a jury and at the close of the evidence the circuit judge directed a verdict in favor of the plaintiff. The general question is whether the circuit judge was warranted in refusing to take the sense of the jury on the facts.

The plaintiff claimed title by purchase on sale made by the sheriff on the foreclosure of a mortgage made by William D. Wright to the plaintiff in 1873, and one of the main subjects of controversy at the trial was whether this foreclosure was valid or not. The sale was made in 1877, and the affidavit then made by the publisher of the newspaper to perpetuate regular proof of publication of the notice of sale imported that the notice had not been sufficient. Two years later the same person made another affidavit which assumed to correct the first and show that in fact the notice was duly published, and both affidavits were introduced as evidence before the jury. He also testified as a witness on the subject and gave evidence tending to show that the sale was regularly advertised and that the original affidavit was inaccurate through mistake.

It will be seen from this that the evidence to show a valid notice was conflicting and the defendants made it the subject of a specific request. The admission of the evidence to prove that in point of fact there was lawful notice was entirely proper. But it was not competent for the judge to treat it as conclusive and withhold it from the consideration of the jury.

When Wright gave the mortgage he was in possession under color of title and in the absence of anything to the contrary the presumption is that he was owner of the inheritance, and in case the foreclosure was lawful the plaintiff by his purchase thereon acquired the same interest unless the tax titles were in the way. There is no dispute that at the time Baer negotiated with Wright about loaning the money and taking the mortgage, the Harrington tax-titles were regarded by Baer as obstacles, and that Wright as principal and Mr. Atkinson as his surety gave him their

bond to indemnify him against those titles. Having taken upon him this obligation to protect Baer against them, Mr. Atkinson could not be allowed to set them up against Baer's mortgage title, and there is nothing in the case to show that Stevenson who claims under Atkinson is in any better position.

The tax title held by Mr. Atkinson is for the taxes of 1874, and there is considerable evidence tending to show that the proceedings were invalid. But there is also evidence which is positive. The assessment roll was produced and it appeared therefrom that lots five, six, seven and eight of block thirty-three, which included the premises in controversy were assessed together at $850, the tax being $42.06; and that the portion of the tax estimated as the share of lot five and the west five feet of lot six was received by the collector, and that the residue of lot six and lots seven and eight were returned. The tax-title of Atkinson having originated in these proceedings it is not valid. There was no authority to cut up into parcels the premises assessed in one body and at one sum and arbitrarily apportion to a specific part a particular share of the whole tax.

The judgment is reversed with costs and new trial granted.

The other Justices concurred.