ROTH, *Appellant*, v. GABBERT *et al.*

### Division Two, June 12, 1894.

1. **Tax Deed:** DESCRIPTION VOID FOR UNCERTAINTY, WHEN. A tax deed which describes the land conveyed as "the north forty-six and two-thirds (46⅔) feet of lots one (1) to five (5) inclusive, etc.," is void for uncertainty.

2. ———: ———. Where the county in which the land is situated is stated in the recitals of the deed, it need not be repeated in the granting clause.

3. **Tax Sale:** SUFFICIENCY OF DEED: STATUTE. A tax deed reciting that the sale was made on the fourth Monday of November, without stating the reason it was not made on the first Monday of October, except that "it could not be and was not advertised for sale" on the later date, is valid under Revised Statutes, 1889, section 1372, making the deed conclusive evidence that the property was duly advertised and sold.

4. **Tax Deed:** NOTICE OF SALE: CONSTITUTION. Said section 1372 (R. S. 1889) making the tax deed conclusive as to the due advertisement of sale is void in so far as it legalizes a sale without due notice, since it is violative of the constitution, article 2, section 30, providing that no person shall be deprived of property without due process of law.

5. ———: ———: STATUTE. A list of real estate delinquent for city taxes and "to be offered at public sale" on a certain date is not such notice of sale as is required by Revised Statutes, 1889, section 1351.

6. **Taxes:** SEVERAL LOTS: ASSESSMENT: SALE. Parts of several lots are rightly assessed and sold for taxes in one body when they have frequently been so conveyed and are so inclosed by a fence.

7. **Tax Sale:** CONDUCT OF SALE: STATUTE. When at a sale for taxes no offer to sell less than the whole tract was made and there was no inquiry to ascertain if anyone would take a part of it for the taxes due on the whole, as required by Revised Statutes, 1889, sections 1354, 1355, the tax deed is void.

8. **Statutes, Construction of.** Effect should be given, in construing statutes, to provisions which are express in preference to those which are general in their terms.

*Appeal from Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

Affirmed.

*Spencer & Strop* and *Huston & Parrish* for appellant.

(1) The description in the deeds is the same as that by which the property had been conveyed by the previous owners. It also appears that these parts of lots were inclosed in one inclosure, and used as one property. The property was, therefore, properly assessed and sold in a body. 39 Iowa, 294; 42 Iowa, 85; Cooley on Taxation, 342, and note 1; 493, 494, note 1; *O'Neal v. Tyler*, 53 N. W. Rep. 434, 435, and authorities cited; Black on Tax Titles, sec. 123; *Kregelo v. Flint*, 25 Kan. 695; *Wyman v. Bear*, 46 Mich. 418; *Allen v. Morse*, 72 Me. 502; *Willy v. Schovel*, 9 Ohio, 43; Desty on Taxation, 871, notes. (2) The deeds are in the exact form prescribed by the statute (Revised Statutes 1889, page 395, section 1372; Revised Statutes 1889, page 398, section 1381). Deeds following the legislative or statutory form are sufficient. *Skinner v. Williams*, 85 Mo. 489; *Geekie v. Carpenter Co.*, 106 U. S. 385; *Milledge v. Coleman*, 47 Wis. 184. The deed sufficiently described the property sold. *Skinner v. Williams*, 85 Mo. 489; *Sparry v. Goodwin*, 44 Minn. 207; *Reimer v. Newell*, 47 Minn. 237; *Boyd v. Wilson*, 12 S. E. Rep. 744; *Chouteau v. Hunt*, 44 Minn. 173; *Geekie v. Carpenter Co.*, 106 U. S. 385. (3) No sufficient matter was introduced by the defendants as a matter of law to overthrow the tax deed. *De Treville v. Smalls*, 98 U. S. 517, and authorities next herein cited. (4) The publication of notice of the making of the deed, unless the property was redeemed, is entirely

sufficient. Revised Statutes, 1889, secs. 1351, 1369; *Hammond v. Johnson*, 93 Mo. 198–214. (5) The deeds are conclusive evidence "that the real property conveyed was duly advertised for sale; that the manner in which the assessment, levy, notice and sale were conducted was in all respects, regular," and as the law directed. Sections 1372, 1373 and 1381, Revised Statutes of 1889. *De Treville v. Smalls*, 98 U. S. 517; *Keeley v. Sanders*, 99 U. S. 441; *Allen v. Armstrong*, 16 Iowa, 508; *Gwynne v. Neiswanger*, 18 Ohio, 400; *Haven v. Heigh*, 32 Pac. Rep. 519. (6) A tax deed, like any other instrument, is to be construed as a whole, and if any uncertainty in one part is made certain by another, the deed as a whole is sufficient. *Haynes v. Heller*, 12 Kan. 382–390. (7) The objection made to the deed that the property in the granting clause of the deed is not described as being in Buchanan county, Missouri, is not well taken. *Haynes. v. Heller*, 12 Kan. 382–390. (8) The plaintiff was entitled to a deed to correspond to the facts, and to that end the second deed was properly executed and admitted in evidence. *Duff v. Wilson*, 90 Mo. 87. (9) The deeds are conclusive that the land was sold in its smallest subdivision. *Abbott v. Lindenbower*, 42 Mo. 162.

*R. A. Brown* and *Justus W. Brockett* for respondents.

(1) The form of deed, while it is directed by statute, yet it must be amended or added to and such further recitals be inserted as will make plain all the facts. Section 1372, Revised Statutes, 1889; *Gregg v. Gesberg*, 113 Mo. 34. (2) Notice is an essential prerequisite. Black on Tax Titles, sec. 205; *Reeds v. Morton*, 9 Mo. 879; *Nelson v. Gœbel*, 17 Mo. 161; *Abell v. Cross*, 17 Iowa, 171; *Dubuque v. Wooten*, 28 Iowa, 571.

(3) A sale is an essential prerequisite before the making of a deed, and the property must be sold in the manner provided by statutes of sale. Under our statute the least quantity that will pay the tax only may be sold. Secs. 1354, 1355, Revised Statutes, 1889; Black on Tax Titles, sec. 264; *French v. Edwards*, 13 Wall. 506. The deed is not conclusive as to essential prerequisites. Black on Tax Titles, secs. 451, 452; *McReady v. Sexton*, 29 Iowa, 56; *Abbott v. Lindenbower*, 42 Mo. 162; *Abbott v. Lindenbower*, 46 Mo. 291; *Raley v. Quinn*, 76 Mo. 263; *In re Douglas*, 41 La. Ann. 765.

BURGESS, J.—Ejectment for the possession of the north forty-six and two thirds feet of lots 1 to 5, inclusive, block 4, Carbry Addition to the city of St. Joseph, Missouri. The petition is in the usual form and the answer a general denial. The judgment was for defendants. Plaintiff, after an unsuccessful motion for a new trial, appealed to this court.

Plaintiff claims title under two tax deeds, only one of which will be set out in full, as the only difference in them is in the use of the word "inclusive" in one only, immediately after the description of the parts of the lots described in the deeds. The deed reads as follows:

"Know all men by these presents: That, whereas the following described real property, viz.: The north forty-six and two thirds (46⅔) feet of lots one (1) to five (5) inclusive, in block four (4), Carbry Addition, an addition to the city of St. Joseph, Missouri, situated in the city of St. Joseph, in the county of Buchanan and state of Missouri, was subject to taxation for the year A. D. 1889, and, whereas the taxes assessed upon the said real property for the years aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas, the tracts, lots and parcels of land within said city of St. Joseph, upon which

taxes due said city for the year 1889 were delinquent and unpaid, could not be, and were not, advertised for sale on the first Monday in October in said year 1889; and, whereas, the city collector of said city of Saint Joseph, did on the fourth day of November, A. D. 1889, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Monday in November, A. D. 1889, the first day on which said real property was advertised for sale (which sale so commenced continued from day to day to be publicly held up to and including the fourth day of November, A. D. 1889) expose to public sale at the office of the city collector in the city of Saint Joseph aforesaid, between the hours of 10 o'clock in the forenoon and 5 o'clock in the afternoon, in conformity with all the requisitions of the statute in such case made and provided, the real property above described for the payment of taxes, interest and costs then due and unpaid upon said real property; and, whereas, at the time and place aforesaid, Fred Roth, of the county of Buchanan and the state of Missouri, having offered to pay the sum of nine dollars and two cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said real property for all the north forty-six and two-thirds (46⅔) feet of lots one (1) to five (5) inclusive, in block four (4), Carbry Addition (this deed is made to correct a certain deed given by the city of St. Joseph to Fred Roth, November 10, 1891), which was the smallest portion bid for, and payment of the said sum having been by him made to said city collector, the said property was stricken off and sold to him at that price; and, whereas, two years have elapsed since the first day on which said real property was advertised for sale, and the said property has not been redeemed therefrom, as provided by law; and, whereas, the city collector of the city of St. Joseph aforesaid, did, at least four months before the

expiration of the time limited for redeeming said real property, publish a notice as required by the statute in such case made and provided, that unless said real property was redeemed on or before the day limited therefor, it would be conveyed to the purchaser or his heirs or assigns. Now, therefore, I, George C. Crowther, city collector for the city of St. Joseph, county and state aforesaid, for and in consideration of the sum of nine dollars and two cents, taxes, interest and costs due on said real property for the year A. D. 1889, to the city collector of the city of St. Joseph, paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Fred Roth, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said Fred Roth, his heirs and assigns forever, subject, however, to all rights of redemption provided by law.

"In witness whereof, I, George C. Crowther, city collector of the city of St. Joseph aforesaid, have hereunto subscribed my name and affixed the corporate seal of the city of St. Joseph, this eighth day of April, A. D. 1892.

"[SEAL].                    GEORGE C. CROWTHER,

"Treasurer and Ex-officio City Collector of the City of
    St. Joseph."

The deeds were duly acknowledged. After reading the deeds in evidence the plaintiff proved the value of the monthly rents and profits of the property. There was a vast amount of extraneous evidence introduced on either side.

Defendants contend that the tax deeds are void upon their face, because the lots are not described as being in Buchanan county; that the property was not sold on the first Monday in October, and no cause is

stated in the deeds why it was not sold on that day, and was sold on November 4, 1889; that each lot or part thereof was not sold separately as required by statute; that the description of the property is too indefinite and uncertain, and, if not void upon their face, the deeds are void because of the failure of the collector to offer the property for sale for the least quantity that would have paid the taxes and because of the want of any notice of the tax sale.

The objection to the first deed, dated on the tenth day of November, 1891, upon the ground that the description of the land sold is too indefinite and uncertain, we think well taken, and for that reason that deed should be held void on its face. That deed described the land as the north forty-six and two-thirds feet off of lots 1 to 5. So far, therefore, as that deed is concerned it will not be hereafter noticed or considered. It is not so, however, with the last deed, in which the description is sufficient.

It is alleged, however, that the property described in the deed of April 8, 1892, is not described as being in Buchanan county, but this position is not tenable. The deed after describing the property proceeds as follows: "Carbry Addition, an addition to the city of St. Joseph, Missouri, situated in the city of St. Joseph, in the county of Buchanan and" etc. The mere fact that the property sold is only referred to in the granting clause of the deed as "the real property herein after described," does not vitiate the deed. After the property had been once described as being in Buchanan county, there was no necessity of again repeating the same thing. When the whole deed is taken together it discloses with absolute certainty the property sold and conveyed, and this is all that the law requires. *Haynes v. Heller*, 12 Kan. 381.

Another contention is that, as by section 1350

Revised Statutes, 1889, the city collector is required to offer at public sale at his office in such city on the first Monday in October in each year all real property on which taxes or special assessments shall remain due and unpaid, and, as by the provisions of section 1360 it is provided that "if from neglect of any officer of the city or any other cause, real property can not be duly advertised and offered for sale on the first Monday of October, then the city collector shall make the sale on the first Monday of November, allowing time for publication * * *," and as the property as shown by the deed was sold on the fourth day of November, 1889, without any apparent cause for selling on that day, the deed is void; that the mere statement in the deed that the property "could not and was not advertised for sale on the first Monday of October, 1889" is not enough, and that there must be a cause shown by sufficient recitals.

There would be much force in this contention were it not for the curative clause of section 1372, Revised Statutes, 1889, which prescribes the form of a treasurer and ex-officio collector's deed when real property is sold by him for delinquent taxes, and makes it conclusive evidence "that the real property conveyed was duly advertised for sale; was duly sold for taxes as stated in the deed; that the manner in which the assessment, levy, notice and sale were conducted was in all respects regular and as the law directed; * * * and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done," except only in regard to certain points named in said section with respect of which the deed is only made *prima facie* evidence. The section of the statute last quoted is very broad and far reaching in its scope and meaning, and when the recitals in the deed are taken into consideration in connection with it, we are inclined to

hold that the contention on this point is not well taken.

The only notice of sale was as follows:

"1889. NOTICE. Office of the city treasurer and collector of St. Joseph, Missouri, October 1st, 1889. List of real estate delinquent for the city taxes of the year 1889 and prior years to be offered at public sale on and after the first Monday in November, 1889, at the office of the city treasurer and city collector of the city of St. Joseph, Missouri, Rooms Nos. 9 and 11 City Hall.                GEORGE C. CROWTHER,

"Treasurer and ex offico Collector."

Defendants insist that this was in fact no notice at all. The statute, section 1351, provides that "the notice to be given of the sale of real property for delinquent taxes shall state the time and place thereof. * * *" The pretended notice does not say that the collector will sell the lands for delinquent taxes, by whom they would be sold, nor the time, but does say that it will be offered for sale, but not by whom and can in no sense be regarded as such notice as is required by the statute. The notice should have, in effect, stated that the lands would be offered for sale at public auction or that they would be sold at public sale and by whom and for what purpose. Black on Tax Titles, [2 Ed.] section 207. The sale was simply one without notice, and although section 1372, Revised Statutes, 1889, *supra*, provides that the collector's deed shall be conclusive evidence that the property conveyed thereby was duly advertised for sale, it is in conflict with section 30, article 2 of the constitution of this state, which provides that "no person shall be deprived of life, liberty or property without due process of law," and null and void. Notice of such sale was indispensable in order that the title of defendant's property might be transferred to another. To say otherwise would be to in

effect hold that the legislature has the power to take the property of one person and give it to another. That the defendants had the right to show that the sale was without notice, there can be no question.

There can be no valid objection to the manner in which the property was assessed and sold. It is difficult to see how its description could have been more definite and certain than as described in the deed. It very frequently happens that city lots are divided transversely for convenience, use and occupancy. The property was conveyed on more occasions than one as described in the deeds and by metes and bounds and was inclosed by a fence. It was properly assessed and sold in one body.

In *Weaver v. Grant*, 39 Iowa, 294, it is held that "the use and nature of the property must determine whether or not several lots, assessed to one owner and sold *en masse*, should be regarded as one lot." In that case two lots were used and occupied for one purpose, a building being partly on each, and it was held that they might be sold 'for taxes together. See, also, *O'Neil v. Tyler*, 53 N. W. Rep. 434; *Kregelo v. Flint*, 25 Kan. 695; *Wyman v. Baer*, 46 Mich. 418; *Moulton v. Doran*, 10 Minn. 67; *Willey v. Scoville's Lessee*, 9 Ohio 43; *People v. Culverwell*, 44 Cal. 620; *People v. Morse*, 43 Cal. 534; Black on Tax Titles [2 Ed.], sec. 103.

The evidence showed that no offer of sale of a less quantity than the whole tract was made by the treasurer at the time of the sale for the taxes against it; that no proposition was made to those present at the time of the sale to know if any of them would take a portion of it and pay the taxes on the whole, and this, it is argued, rendered the sale invalid.

Section 1354, Revised Statutes, 1889, provides that: "The person who offers to pay the amount of

taxes; special assessments, interest and costs due on any tract or parcel of real property for the smallest portion of the same, is to be considered the purchaser. * * * The person who will pay the tax, the special assessments, interest and costs for the least number of front feet or inches of any lot or parcel of real property, to be taken from either side thereof, the side to be designated by the bidder at the time he offers his bid, shall be deemed the purchaser for the smallest portion of such lot or parcel of real property."

Section 1355 provides that: "If no person bid for a less quantity than the whole of a lot or parcel of real property, the city collector shall sell the lot or parcel of real property to any person who will take the whole of such tract, lot or parcel of real property, and pay the taxes, special assessments, interest and costs thereon."

By section 1353, Revised Statutes, it is made the duty of the city collector to offer for sale, separately, each tract or parcel of real property advertised for sale.

Unless, therefore, the deed, under section 1372, is conclusive evidence that the property was offered for sale to the person who would pay the amount of taxes due thereon for the smallest portion of the property, the deed must be held null and void. The only clauses of the section of the statute which seem to have any bearing upon the way in which the property was offered for sale are as follows: "Was duly sold for taxes as stated in the deed; that the manner in which the assessment, levy, notice and sale were conducted was in all respects regular and as the law directed; * * * and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser, were done * * *."

The provisions of the section now under consideration must be construed in connection with the other sections quoted, and so as not to conflict with their

spirit and intention, if possible. The law expressly provides how property shall be sold for taxes; that it shall be sold to the person who will pay the taxes and and costs for the smallest portion of the property, and to such requirement full force and effect must be given, if it can be done without bringing them in conflict with the provisions of section 1372, as herein quoted. The law, in express terms, provides how such property shall be offered for sale, while, in regard to matters as to which the collector's deed shall be conclusive evidence with respect of the mode and manner of sale, it simply mentions them in a general way. In such circumstances, full force and effect should be given to the provisions which are express, in preference to those which are general. "The reason of the law in such cases should prevail over its letter, and general terms should be so limited in their application as not to lead to injustice, oppression or an absurd consequence, the presumption being indulged that the lawmakers intended exceptions to language which otherwise would lead to such anomalous results." *Railroad v. Evans & Howard Brick Co.*, 85 Mo. 307; *United States v. Kirby*, 7 Wall. 482; *People ex rel. v. McRoberts*, 62 Ill. 38; *Fusz v. Spaunhorst*, 67 Mo. 256.

Our conclusion is that the tax deed is void, and that the judgment should be affirmed. It is so ordered. All of this division concur.