[Civil No. 453. Filed December 4, 1895.]

[42 Pac. 619.]

LIONEL M. JACOBS, Plaintiff and Appellant, v. OSCAR BUCKALEW, Defendant and Appellee.

1. TAXES AND TAXATION — SALE — COLLECTOR'S DUTY TO DESIGNATE SMALLEST PORTION—REV. STATS. ARIZ. 1887, PAR. 2694, MANDATORY. —The statute, *supra*, providing that the owner of property offered for sale for taxes may designate in writing what portion of the property he wishes sold, if less than the whole, but if he does not, then the collector *may* designate it, and the person who will take the least quantity and pay the taxes shall be declared the purchaser, is mandatory, and upon a sale for taxes, the owner not having

designated the portion he wishes sold, it is the duty of the tax-collector to designate and offer for sale the smallest portion of the property for the purpose of raising the amount due for the taxes thereon.

BAKER, C. J., dissenting.

2. SAME—SAME—REV. STATS. ARIZ. 1887, PAR. 2694—DESIGNATION BY COLLECTOR—SUFFICIENCY—VALIDITY.—On a sale of property for taxes under statute, *supra*, an inquiry by the collector, "Who will take the lowest portion or quantity of block 184 and improvements and pay the taxes and costs due?" is not such a designation as is required by the statute, and a tax-deed based on such sale is void.

BAKER, C. J., dissenting.

3. SAME—ASSESSMENT—BUILDINGS JOINED AND APPARENTLY ONE PROPERLY ASSESSED AS A BLOCK.—A block all belonging to one person and covered by buildings so joined together as to have the appearance of one building, is properly assessed as a block.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Affirmed.

The facts are stated in the opinion.

S. M. Franklin, for Appellant.

Barnes & Martin, for Appellee.

The statute requires certain things to be done at the sale. One is, the owner may designate in writing before the sale what portion of the property he wishes sold if less than the whole, but if the owner does not, then the collector may designate it, and the person who will take the least quantity of the property and pay the taxes and costs due shall be declared the purchaser.

In this case the owner did not so designate, and it was therefore the duty of the officer to make the designation of what part less than the whole he would sell.

This duty was mandatory, and if he fail so to do the sale is void.

In *French v. Edwards*, 13 Wall. 506, where a like statute in California was before the court, it was held: "That what the law requires to be done for the protection of the tax-payer is mandatory, and cannot be regarded as directory

merely." Citing *Clark* v. *Crane*, 5 Mich. 154, 71 Am. Dec.
776; *Ainsworth* v. *Dean*, 21 N. H. 400; *Loomis* v. *Paigree*,
43 Me. 311; *Stead's Ex.* v. *Course*, 4 Cranch, 403; Black on
Tax-Titles, p. 286; Sedgwick on Statutory and Constitutional
Law, pp. 368-378; Cooley on Constitutional Limitations, pp.
74-78.

"When the requisitions prescribed are intended for the
protection of the citizen and to prevent a sacrifice of his prop-
erty, and by a disregard of which his rights might be and
generally would be injuriously affected, they are not ·direc-
tory but mandatory. They must be followed, or the acts done
will be invalid." *Roth* v. *Gabbert*, 123 Mo. 21, 27 S. W. 528;
*Clark* v. *Rowan*, 53 Ala. 400; *Straw* v. *Poor*, 74 Me. 53.

ROUSE, J.—This is an action in ejectment for block 184
in the city of Tucson, Pima County, Arizona. Buckalew was
the owner of said block 184. Said block was a square, bounded
by streets on all sides, and covered with buildings fronting
on the several streets, so built as to make them in appearance
one building. The buildings in fact were separate houses
joined together, and occupied by different families as dwell-
ings. The whole block was assessed as one piece, and valued
for that purpose at five thousand dollars. Buckalew failing
to pay the taxes on said block, it became delinquent, and was
advertised and sold for the taxes due for the year 1891, and
was also advertised and sold for the taxes due for the year
1892. Plaintiff purchased said block at both of said sales,
and deeds were executed and delivered to him by the tax-
collector, conveying to him said block, and these deeds are
the evidences of title relied upon by plaintiff in this action.
The assessment and judgment for the taxes due upon said
property were regular. The only question presented by the
record in this case for our consideration is as to the duty of
a tax-collector in the sale of property for delinquent taxes..
Paragraph 2694 of the Revised Statutes of Arizona is as
follows: "The owner or person in possession of any property
offered for sale for taxes due thereon, may designate in writ-
ing to the county collector, prior to the sale, what portion of
the property he wishes sold, if less than the whole, but if the
owner or possessor does not, then the collector may designate
it, and the person who will take the least quantity of the

property, or in case an individual interest is assessed, then the smallest portion of the interest, and pay the taxes and costs due, including one dollar for the duplicate certificate of sale to the purchaser, and the county recorder's fees for filing same in his office, shall be declared the purchaser. But in case there is no purchaser in good faith for the same as provided in this section, the whole amount of the property assessed shall be struck off to the territory as the purchaser and the certificate delivered to the county treasurer and filed by him in his office. . . ." The defendant, prior to the sale, did not designate what part of said property he wished sold for the taxes due thereon, in writing, or in any manner whatsoever. In fact it does not appear from the record in this case that he was even present at said sale. The tax-collector simply read the advertisement of property which was delinquent, as shown by the advertisement, and made the proclamation that he would sell the said property for the taxes due thereon; and in said advertisement the property in controversy was embraced. The tax-collector did not designate any portion of the property in controversy that he would sell, less than the whole, in any other manner than as follows: "Oscar Buckalew, block 184, and improvements, in Tucson, territorial and county taxes, $181.50; city taxes, $57.75; costs, $1.00. Who will take the lowest portion or quantity of said block 184 and improvements, and pay the taxes and costs due? . . ." There being no offer or any response by any one to said question, said collector again exclaimed: "Who will take all of said block 184 and improvements, and pay said taxes and costs? . . ." Thereupon the plaintiff, Lionel M. Jacobs, said: "I will take all of said block 184 and improvements, and pay said taxes and costs." And thereupon said collector announced that said Jacobs would take said block, and pay the taxes and costs, and he then publicly inquired: "Will any person take a less quantity of said block, and pay the taxes and costs?" No response being made to this inquiry, said collector struck off and sold to said Jacobs the whole of said block 184, and delivered to him a certificate of sale as the purchaser thereof; and thereafter deeds for said block were executed and delivered to said Jacobs, and they are the deeds on which plaintiff's right of recovery in this action is based. We are not advised by the record as to whether the said block

184 was subdivided into lots or not. It all belonged to defendant, and was covered by buildings so joined together as to have the appearance of one building. An assessment of it as a block was proper. *Weaver* v. *Grant,* 39 Iowa, 294; *Kregelo* v. *Flint,* 25 Kan. 695; *Wyman* v. *Baer,* 46 Mich. 418, 9 N. W. 455; *People* v. *Culverwell,* 44 Cal. 620; Rev. Stats. Ariz., par. 2642. Notwithstanding the description of the property in the assessment, and notwithstanding the fact that the owner of the property had made no designation of the part of the property he wished sold for the taxes, it was the tax-collector's duty to designate and offer for sale the smallest portion thereof for the purpose of raising the amount due for the taxes thereon. *French* v. *Edwards,* 13 Wall. 506; *Roth* v. *Gabbert,* 123 Mo. 21, 27 S. W. 528. The provisions of paragraph 2694 of the Revised Statutes of Arizona as to the duties of the tax-collector are mandatory, and, said collector having failed to comply with the provisions thereof in the sale of said property, the deeds executed and delivered therefor to plaintiff were void, and the judgment of the district court is affirmed.

Hawkins, J., concurs.

BAKER, C. J.—I dissent. After reading the notice of sale containing a description of the property, the name of the owner, and the amount of the taxes and costs due, the tax-collector thrice proclaimed to the bidders present: "Who will take the least portion or quantity of said block 184 and improvements, and pay the taxes and costs?" There was no response. He then offered the whole of the tract, and said: "Who will take all of said block 184 and improvements, and pay said taxes and costs?" To this the appellant responded that he would do so. Thereupon the tax-collector proclaimed to the bidders: "Lionel Jacobs [the appellant] offers to take all of said block 184 and improvements, and pay the taxes and costs. Will any person take a less quantity, and pay said taxes and costs?" There being no response, the property was sold to the appellant. These are the undisputed facts of the case. This was a compliance with the statute. But the majority opinion holds that the statute is mandatory; that the officer was bound to designate some portion of the tract,

less than the whole, and offer it for sale first. The statute declares: "The owner or person in possession of any property for sale for taxes due thereon, may designate in writing to the county collector, prior to the sale, what portion of the property he wishes sold, if less than the whole, but if the owner or possessor does not, then the collector may designate it," etc. Rev. Stats. Ariz., par. 2694. These terms do not imply an absolute mandate. They leave to the officer the exercise of a sound discretion. The owner may, and, if he fails, the officer may or may not, make the designation, as he deems best. This very statute was taken from the Political Code of California, and a similar construction was put upon it by the highest tribunal in that state. The statute in force at the time the sale mentioned in *Roberts* v. *Chan Tin Pen,* 23 Cal. 263, was made provided that, "in case the owner did not designate the part to be sold, then the tax-collector 'shall' designate; while the present statute provides that he 'may' designate. As this change was made by amendment, it may fairly be said that it was the intention of the legislature to leave it to the discretion of the tax-collector to offer part or the whole of the property, as he might think best." *Hewes* v. *McLellan,* 80 Cal. 393, 22 Pac. 287. Where a state adopts the statute of another state, the construction of it by the highest court of that state is entitled to great weight. *McIntyre* v. *Kamm,* 12 Or. 253, 7 Pac. 27. It cannot be said to be the intention of the statute to require a vain or useless thing to be done. Here the officer diligently inquired if any bidder present would take less than the whole tract, and pay the taxes and costs, and none answered. To still require the officer to designate a less quantity than the whole, and offer it for sale first, is to demand the doing of a vain thing. There were no bidders for a less quantity. That was definitely ascertained, and hence it was useless to make the designation. The cases cited do not support the majority opinion. In *Roth* v. *Gabbert,* 123 Mo. 21, 27 S. W. 528, the court, in reciting the facts upon which the case was decided, said: "The evidence shows that no offer of sale of a less quantity than the whole tract was made; that no proposition was made to those present at the time of the sale to know if any of them would take a portion," etc. Is that this case? Besides, the statute in Missouri is essentially different from ours: "The

person who offers to pay the amount of taxes, special assessments, interest, and costs due on any tract or parcel of real property for the smallest portion of the same, is to be considered the purchaser. . . . The person who will pay the taxes, the special assessments, interest, and costs for the least number of front feet or inches of any lot or parcel of real property, to be taken from either side thereof, the side to be designated by the bidder at the time he offers his bid, shall be deemed the purchaser for the smallest portion of such lot or parcel of real property. . . . If no person bid for a less quantity than the whole of a lot or parcel of real property, the city collector shall sell the lot or parcel of real property to any person who will take the whole of such tract, lot, or parcel of real property and pay the taxes, special assessments, interest, and costs.'' Rev. Stats. Mo. 1889, pars. 1354, 1355; Roth v. Gabbert, 123 Mo. 21, 27 S. W. 528. At a glance it will be seen that the provision existing in our statute for the designation for a less quantity than the whole by the owner or officer is not found in these Missouri statutes, and therefore the predominating question for decision in this case does not arise under them, and Roth v. Gabbert, supra, has no application. And the same is true of the statutes under which the following case of French v. Edwards was decided. In French v. Edwards, 13 Wall. 506, there was no proposition put to the bidders to see if any one would take a less portion, and pay the taxes. No such opportunity was given to the bidders. The court said: ''The deed of the sheriff does not show a compliance, in the sale of the property, with the requirements of the statute mentioned. It does not show that the smallest quantity of the property was sold for which the purchaser would pay the judgment and costs, or that any less than the whole was offered to bidders, or that an opportunity was offered to take any less than the entire tract, and pay the judgment and costs.'' Is that this case? Furthermore, that case was decided under an imperative statute, totally different from ours. There the law was that the officer ''shall only sell the smallest quantity that any purchaser will take and pay the judgment and costs.'' ''No more of the property shall be sold than is necessary to pay the judgment and costs.'' French v. Edwards, supra. It is plain to be seen that under such statutes the question involved in this case

could not arise. The cases ci'ed were decided upon imperative statutes materially different from the one under consideration, and upon a state of facts other than, and in the main opposed to, the facts here. The deed in this case was, in my opinion, valid, and should have been sustained. I do not think we are called upon to disregard the plain intention of this statute in order to overthrow the title, simply because it arises from a tax-sale. If the courts of this territory desire to insure the payment of just taxes, they must commence to enforce the plain provisions of the law for the sale of land for taxes. These laws are stringent, and their terms indicate the legislative intention to meet a spirit of refinement in their interpretation which, in the past, has tended to render them inoperative.