AUSTIN CORBIN v. GEORGE S. YOUNG.

1. TAX DEED, *Invalid.* A tax deed, founded upon a sale made under the laws of 1868, where the notice of sale wholly omitted to mention the place of sale, will be adjudged defective and set aside if challenged before the running of the statute of limitations.

2. —— Section 142 of the tax law of 1876 does not apply to actions to quiet title.

3. FORECLOSURE OF TAX LIEN, *Denied.* A holder of a tax deed, who in an action to quiet title brought against the original owner of the land fails to establish the validity of his deed, is not thereupon entitled to a decree of foreclosure of his tax lien.

4. —— The "interest allowed by law," as named in section 142, means the interest required in case of redemption.

5. —— The amount due for taxes in any action in which the tax deed is set aside, draws interest thereafter at the rate of 7 per cent.

*Error from Linn District Court.*

ACTION brought by *Corbin* against *Young*, to quiet title to certain land in Linn county. The facts are stated in the opinion. Trial at the November Term, 1877, of the district court, and judgment for defendant. The plaintiff brings the case here.

*Gillett & Forde*, for plaintiff in error.

*Stephen H. Allen*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, being the holder of a tax title upon a quarter-section of land, commenced this action against the original owner, to quiet title. The defendant appeared, and upon the trial the tax title was set aside, the amount due plaintiff on account of the taxes paid by him found, but not adjudged a lien upon the land. The plaintiff brings error, claiming that his tax deed is valid, and if not, that the taxes paid by him, and interest, should be adjudged a lien upon the land, with the ordinary decree of foreclosure and sale. The statute of limitations had not run on the tax deed, so the questions rest on the simple strength of the deed and prior proceedings.

Three objections are made to the tax title. We shall notice but one, as that is, we think, sufficient to defeat the title. The notice of sale was as follows:

"DELINQUENT TAX LIST.
"TREASURER'S OFFICE, LINN CO., KANSAS, }
"March 5th, 1873. }
"Notice is hereby given, that the following list of lands and town lots are subject to sale for the taxes of the year 1872, remaining unpaid, and that so much of each tract of land or town lot as may be necessary for the purpose, will, on the first Tuesday of May, 1873, and the next succeeding days, be sold by me at public auction for the taxes and charges thereon."

It will be perceived that this notice says nothing about the place of sale. It names the time, but not the place. So far as the notice is concerned, the treasurer might comply with it by selling at his office, or his house, or on the street corner. In reply to this, counsel urge that the place of sale is fixed by statute, and that therefore any mention of the place is unnecessary, and its omission a mere irregularity. There is a plausibility in this argument, but we cannot think it sound. The same argument might be made as to the matter of time, and a notice of sale which specified neither time nor place would have to be held sufficient. Indeed, the same argument would

sustain a sale where the only notice was, that the taxes were delinquent—for it is the treasurer's duty to sell in case of delinquency, as well as to sell at a specified time and place. Nor is it strictly true that the law names the place of sale. The statute (Laws 1868, p. 1046, § 81) requires that the treasurer give notice that he will, on the first Tuesday of May, at his office, sell the delinquent real estate, and then, (§ 84,) that on the day named he shall commence this sale. Nowhere in terms is it prescribed that he must sell at his office. Only inferentially, and from the requirements of his notice of sale, is that the place fixed. But we do not care to rest this question upon the peculiar phraseology of the statute. We regard the notice of sale as a vital matter in tax-sale proceedings. In that notice, time, place and description are matters of substance. While defects in any of these matters, if not such as to mislead, may be mere irregularities, yet entire omission of either is fatal. A sale for taxes is the exercise of a statutory power, and one conditioned upon certain essential prerequisites. One is, that a proper and sufficient notice of the sale be given. Without such a notice, the power to sell does not exist. The statute names the essential facts in such a notice. An entire omission of any one is something more than a mere irregularity. Cooley, in his work on Taxation, p. 335, says of this: "This is one of the most important of all the safeguards which have been deemed necessary to protect the interests of parties taxed; and nothing can be a substitute for it, or excuse the failure to give it. The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings, will be of no avail in supporting them. He is under no obligation to take notice of the proceedings, unless duly notified. Mere informalities or unimportant variances in any attempt to comply with the law may not be fatal, but variance in substance cannot be overlooked." This general statement of the law, the author follows with a number of specifications fortified by a long list of authorities, which it will be unnecessary to

cite here. Their universal voice is, that an entire omission of any essential fact from the notice is a fatal defect; and that place and time are essential facts both in the sale and in the notice of sale. We conclude, therefore, that the ruling of the district court against the tax title must be sustained.

The court found the amount due the plaintiff on account of the taxes, but failed to adjudge it a lien or decree a foreclosure. This is alleged as error. If this had been an action for the recovery of the land, then, under § 142 of Comp. Laws 1879, p. 967, the claim must have been sustained. (*Fairbanks v. Williams*, ante, p. 16.) But an action to quiet title is not an action for the recovery of the land. Indeed, in this case the plaintiff alleged in his petition that he was in the actual possession. Can the plaintiff, not proceeding under said § 142, but in an ordinary equitable action, obtain a decree of foreclosure of a tax lien? It is undoubtedly true that by statute, taxes are made a lien, and that equity, when it takes jurisdiction, enforces a lien by foreclosure and sale. But has equity any jurisdiction in this case? Can the holder of a tax lien foreclose it as he would a mortgage lien? We think not. The statute has prescribed the proceedings in reference to taxes, tax sales, redemptions, and also to secure the rights of tax purchasers; and whenever these proceedings apply, a party may not invoke the general jurisdiction and proceedings of the courts. Counsel contends that there is no adequate remedy at law, and therefore he has a right to go into equity. · We think the statute furnishes him several remedies. If he be out of possession, he can proceed under said § 142. If he be in possession, and his deed recorded and regular on its face, five years will give him the land; (§ 141.) If the original owner seeks to dispossess him, then, under said § 142, he either retains possession or obtains his taxes. If his deed be adjudged invalid, as in this case, on account of a defect in the sale, then, under § 146, he may recover his money and ten per cent. interest from the county. It seems to us that the statute has given ample protection and abun-

dant remedies to purchasers at tax sales and holders of sale certificates or tax deeds. We think, therefore, in this respect the ruling of the district court was correct. This disposes of the case so far as the plaintiff in error is concerned.

Defendant has filed a cross-petition, in which he challenges the interest allowed by the court on the taxes, to wit: fifty per cent. to the date of the deed, and twenty per cent. upon the sum then due, thereafter. Defendant in the court below filed his answer, asking affirmative relief; that plaintiff's deed be declared void, and his title quieted. This relief he obtained. It is a familiar rule, that he who asks equity must do equity. Seeking to destroy plaintiff's title, he must discharge plaintiff's lien; and he ought not, by going into equity, to reduce the rights which plaintiff would have at law. If he brought ejectment, § 142 would fix the amount of interest. It is not equity that by changing the form of his action he can reduce that interest. That section gives "all interest and costs as allowed by law up to the date of the tax deed," and twenty per cent. thereafter. The twenty per cent. being expressly named, cannot be questioned; but what is meant by "the interest allowed by law?" We think it means the interest required for redemption. That is the special provision regulating interest on taxes, and it seems that this language more naturally and properly refers to such special provision. The rate named after the deed, twenty per cent., indicates that the rate up to that time was the rate at which the taxes prior would be computed for the deed, or by redemption to prevent the issue of the deed. This section has been in force for many years, and such we believe to have been universally recognized as its meaning. This general recognition is no small evidence of the real intent of the legislature.

We suppose the amount found due by the court draws interest from the date of the decree at seven per cent., as any ordinary judgment: we see nothing giving a higher rate of interest.

The judgment of the district court will be affirmed. Each party will pay the cost of his own proceedings in error in this court.

All the Justices concurring.