### PHILANDER SHAW v. FRANCIS KIRKWOOD.

TAX DEED, *Voidable—How Set Aside.* Where an eighty-acre tract of land is assessed and taxed in bulk, and the taxes are never paid, and the county treasurer sells the west half of such tract for a portion of the taxes, and the east half of such tract is never sold, and a tax deed is executed for said west half in pursuance of said sale, *held*, that such tax deed is voidable, and may be set aside at the instance of the original owner of the land, he repaying the tax purchaser all the taxes paid by the tax purchaser, and all interest and costs as allowed by law up to the date of the tax deed, and interest at twenty per cent. per annum on that amount thereafter up to the date of the rendition of the judgment, and interest at seven per cent. per annum on the amount of the judgment until paid.

#### Error from Washington District Court.

ACTION brought by *Shaw* against *Kirkwood,* to quiet the title to certain real estate. Trial at the August Term, 1877, of the district court, and judgment for the defendant. *Shaw* brings the case here. The opinion states the facts.

*Gillett & Forde,* for plaintiff in error.

*J. W. Rector,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to quiet title to real estate. The defendant in his answer not only interposed a general denial to the plaintiff's petition, but also alleged that he himself was the owner of the property and in the possession thereof, and that the plaintiff's claim thereto was worthless and void. The defendant alleged in his answer that the only claim which the plaintiff had to the property was founded upon a tax deed, which tax deed he alleged was worthless and void on account of numerous irregularities in the tax proceedings, which irregularities he set out in voluminous detail ; and then he prayed that said tax deed might be set aside and held for naught; that he be decreed to be the real owner and possessor of the premises; that his title be quieted ; that the

plaintiff and others claiming under him be perpetually enjoined from ever setting up any claim to the premises, and for other relief. The court below found in favor of the defendant and against the plaintiff, and rendered judgment accordingly, except that the court held that the taxes paid by the plaintiff, with interest thereon, were a lien on the property, and ordered that the defendant pay the same. The court, however, allowed interest only at the rate of seven per cent. per annum. The plaintiff now brings the case to this court, claiming that the court below erred in almost every particular.

We think that the plaintiff's tax deed is irregular and voidable, and that the court below did not err in setting it aside. Among the numerous alleged irregularities is the following: The sale upon which this tax deed is founded was of only one-half of the tract of land which had previously been assessed and taxed in bulk. That is, the tax deed is for forty acres of land. This forty acres of land is the west half of an eighty-acre tract of land; this eighty-acre tract of land was assessed and taxed in bulk; the taxes against it amounted to $25.20; these taxes were never paid; the county treasurer then sold the west half of said eighty-acre tract of land for $9.53 of said $25.20. The east half of said eighty-acre tract of land has never been sold for the taxes, and according to the records the taxes on said east half of said eighty-acre tract of land have never yet been paid. But my brethren say that that makes no difference; that the sale of a half of a piece of land taxed in bulk would be voidable whether the taxes supposed to be due on the other half had been paid or not; that it cannot be known to a certainty just how much of the taxes is due on one half or the other half, when the whole is taxed in bulk. The tax deed in controversy was executed for the said west half of said eighty-acre tract of land, in pursuance of said tax sale. And hence said tax deed is voidable, and may be set aside at the instance of the original owner of the land. In connection with this question, see *Corbin v. Inslee*, ante, p. 154; *Wall v. Wall*, 124

Mass. 65; *Forster v. Forster*, (Supreme Court, Massachusetts, November term, 1879;) 11 Cent. L. J. 408.

The only other question which we need to consider is with regard to the taxes and interest which the defendant should repay to the plaintiff. That question has been decided in the case of *Corbin v. Young*, ante, pp. 198, 202. The plaintiff is entitled to the taxes which he has paid, and all interest and costs as allowed by law up to the date of the tax deed, and interest at twenty per cent. per annum on that amount thereafter up to the date of the rendition of the judgment, and interest at seven per cent. per annum on the amount of the judgment until paid.

The judgment of the court below will be modified in accordance with this opinion. The costs of this court will be equally divided between the parties.

All the Justices concurring.