## DAVID COONRADT v. SIMON MYERS.

AMOUNT OF TAXES; *Finding Construed*. Where the district court makes the following finding: "That the northwest fractional quarter of section 23, township 17, range 25 east, in Miami county, Kansas, was subject to taxation for the year 1870; that said land was sold by the treasurer of Miami county, state of Kansas, on the 3d day of May, 1871, for the delinquent taxes of 1870, at a regular tax sale, and bid off by C. for the sum of $24.15," *held*, that this is substantially a finding by the court of the amount of taxes paid on the land by C. for the year of 1870.

### *Error from Miami District Court.*

THE opinion states the material facts. Defendant *Coonradt* alleges error in the judgment of the district court in this case at the February Term, 1884, and brings it here for review.

*Brayman & Sheldon,* for plaintiff in error.

*Geo. Kingsley,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the fourth time this case has been in this court. (24 Kas. 313; 28 id. 211; 31 id. 30.) When the case was here the last time, two questions were presented for examination. The first was: In an action for the recovery of possession between the holder of a tax title and the original owner of the land, if the tax title is adjudged invalid, can the holder of such title recover all the taxes theretofore paid by him, with interest, or can he recover only those paid within three years prior to the commencement of the suit? This question was answered in favor of the recovery of all taxes.

The second question was: May a party claim the benefit of the occupying-claimant·law unless he has full and actual possession? Upon this the court decided that a party may not go upon land in possession of another and make improvements and receive compensation therefor, unless he has first acquired full and actual possession. The case was remanded with direction to the district court to give to the plaintiff in error the full amount of taxes and interest paid by him as found by the court.

Upon the rehearing the court rendered judgment in favor of the plaintiff in error for the sum of $676.08, with 7, per cent. interest thereon from the 3d day of November, 1882, and decreed that unless the amount thereof was paid within twenty days, a special execution issue for the sale of the land upon which the taxes had been paid. The court, however, refused to allow the plaintiff in error anything for the taxes of 1870, and also refused to allow any interest on said taxes, and also refused to allow any other rate than 7 per cent. interest on the taxes included in the tax deed and the subsequent taxes paid after November 3, 1882. The plaintiff in error excepted to these rulings, and brings the case here.

The district court seems to have misunderstood the mandate transmitted to it. It authorized the plaintiff in error to recover the full amount of taxes and interest paid by him as found by the district court. Now it appears from the record

that it was found by the district court that on the 3d day of May, 1871, the land was sold for the delinquent taxes of 1870, to the plaintiff in error, for the sum of $24.15. This was substantially a finding by the district court of the amount of taxes paid by Coonradt on the land for the year 1870. This amount should have been embraced in the judgment, with all the interest due thereon. The plaintiff in error is entitled to recover the full amount of taxes paid on the land, with all interest and costs as allowed by law, up to the date of the tax deed, including the costs of such deed and the recording of the same, with interest on such amount at the rate of 20 per cent. per annum, and the further amount of taxes paid after the date of such deed, and interest thereon at the rate of 25 per cent. per annum.

The judgment will be a lien upon the land, and the court will order a sale thereof in case the judgment be not paid within a specified time. (*Coonradt v. Myers*, supra; *Corbin v. Young*, 24 Kas. 198.)

The judgment of the district court will be reversed, and the cause remanded with direction to the court below to enter judgment in accordance with the views herein expressed.

All the Justices concurring.