JAMES W. SPALDING, *et al.*, v. GEORGE W. WATSON.

LAND, DIVIDED; *Parts Taxed Separately; Valid Tax Deed.* A quarter-section of land may be divided into eighty-acre tracts and assessed and taxed separately; and this may be done in some cases although the property may belong to one individual; and where a quarter-section is so assessed and taxed, it will be presumed, in the absence of anything to the contrary, that the officers did their duty; and a tax deed founded upon such assessment and taxation will be held to be valid, where nothing else appears that would render it invalid.

*Error from Wabaunsee District Court.*

ACTION brought by *Watson* against *Spalding* and two others, to recover certain land in Wabaunsee county. Trial at the March Term, 1884, and judgment for plaintiff. The defend-

ants bring the case to this court. The opinion states the material facts.

*H. H. Harris*, and *Foster & Hayward*, for plaintiffs in error.

*Robt. A. Friedrich*, and *Irwin Taylor*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by George W. Watson against James W. Spalding, F. H. Foster and F. M. Hayward, to recover the northwest quarter of section 33, township 13, range 13, in Wabaunsee county. The case was tried before the court, without a jury, and the court made certain special findings of fact and conclusions of law, and rendered judgment in favor of the plaintiff and against the defendants for the recovery of the land, and for costs. To reverse this judgment the defendants now bring the case to this court.

The plaintiff below claims title under the original patent, issued by the United States on September 10, 1860, to Samuel McClellan, and also under a tax deed issued by the county clerk of Wabaunsee county to C. F. Kenderdine, on September 8, 1882, and recorded on the same day. The defendants claim title under a tax deed executed by the county clerk of Wabaunsee county to B. W. Clark, on July 29, 1870, and recorded on the same day. We shall assume that the tax deed under which the defendants make their claim of title is valid, and that it cuts off all titles existing at the time when it was executed and recorded. The question then arises: Is the plaintiff's tax deed valid, or not? If it is valid, it will also cut off all prior titles, and give to the plaintiff a perfect title to the land; for the plaintiff's tax deed is the last one executed, and was executed nearly twelve years after the defendants' tax deed. The plaintiff's tax deed is founded upon a tax sale made in the year 1879 for the taxes of 1878, and the principal objection urged against its validity is, that the land in dispute was not assessed and taxed in 1878 as one tract, but was assessed and taxed as two eighty-acre tracts, to wit: "The east

half" of said quarter-section, and "the west half" of said quarter-section. Now why this mode of assessment should render the tax deed void, or any of the tax proceedings void, we cannot understand. Eighty-acre tracts of land, or half-quarter-sections, are legal subdivisions, and when government lands are offered for sale at public auction, they are always so offered in half-quarter-sections. (U. S. Rev. St., ch. 7, § 2353.) And in Iowa, when the owner of any real estate is unknown, it is always required that each sixteenth part of the section, or other smallest subdivision of land, shall be assessed and taxed separately. (McClain's Annotated Stat. of Iowa of 1882, title 6, ch. 1, § 826.) And it is generally safer, where the names of the owners of lands are unknown, and where separate portions of the lands are susceptible of clear description, to assess them in separate tracts, as they may be owned by different persons; and if they are, and a joint assessment should be made and all the lands taxed together, the owner of one tract could not ascertain the amount of the taxes due on his land or pay the same, nor could he redeem his land from the taxes when sold, without paying all the taxes imposed upon all the other lands assessed and taxed with his. (*Shimmin v. Inman*, 25 Me. 228, 233. See also *Shaw v. Kirkwood*, 24 Kas. 476; *Kregelo v. Flint*, 25 id. 695.) At the time when the assessment was made in the present case, and now, the act relating to taxation provided, among other things, as follows:

"SEC. 44. Each assessor shall make out, from such sources of information as shall be within his reach, a correct and pertinent description of each piece, parcel or lot of real property, in numerical order as to lots and blocks, sections or subdivisions, in his township or city, as the case may be, and he may require the owner or occupant of such property to furnish such description." (Comp. Laws of 1879, ch. 107, § 44.)

In the absence of anything to the contrary, it will be presumed the assessor did his duty. Indeed, in the absence of anything to the contrary, it will always be presumed that all officers do their duty. We might further say, that the land in controversy was vacant and unoccupied from the beginning

up to March 1, 1883; that the patent for such land was not recorded in the county until sometime in the year 1883; and that the land was continuously assessed and taxed in separate eighty-acre tracts from the year 1864 up to the present time — from 1864 up to 1870 as "unknown," and from that time up to 1878 in the name of B. W. Clark, the grantor of the defendants, and presumably it was so assessed and taxed from the year 1870 up to 1878 with the approval of Clark, and presumably he paid the taxes, as thus imposed, up to and including the year 1877; and if so, why should his subsequent grantees, the present defendants, now complain? It is also provided in the act relating to taxation as follows:

"SEC. 139. No irregularity in the assessment roll, nor omission from the same, nor mere irregularities of any kind in any of the proceedings, shall invalidate any such proceeding or the title conveyed by the tax deed; nor shall any failure of any officer or officers to perform the duties assigned to him or them, upon the day specified, work an invalidation of any such proceedings or of said deed." (Comp. Laws of 1879, ch. 107, § 139.)

We have examined the authorities cited by counsel for the defendants (plaintiffs in error), and do not think that they are applicable under the facts of this case and the statutes of this state. We think the tax deed under which the plaintiff claims title is valid. There are some other objections urged against the validity of this tax deed, but we do not think that they are at all tenable.

The judgment of the court below will be affirmed.

All the Justices concurring.