Sheaff v. Husted.

JOHN M. SHEAFF v. JAMES D. HUSTED, *Trustee, et al.*

No. 631.*

1. PRACTICE, COURTS OF APPEALS — *Findings not Disturbed.* Material findings of fact will not be disturbed by this court where there is evidence to support the same.

2. LANDLORD AND TENANT — *Attornment.* S. attempted to have B. attorn to him without the knowledge or consent of H., the landlord, and thus obtain possession. This was the only act of possession claimed or attempted to be proved by the plaintiff. Legal possession cannot be obtained in this manner. The attornment of a tenant to a stranger is void and does not affect the possession of the landlord unless it be made with the consent of the landlord, or pursuant to a judgment at law or an order or decree of court.

3. ACTION TO QUIET TITLE — *Tax Deed — Illegal Taxes.* The plaintiff's claim of title was based solely on a tax deed. There was included, as a part of the consideration for the tax deed, an illegal penalty of $2.09, also special taxes levied under chapter 214, Laws of 1887 (Gen. Stat. 1889, ¶ ¶ 5521–5531), which act is unconstitutional. The plaintiff should therefore fail in his action to quiet title, as he was not in possession of the property, nor did he have superior title to that of the defendant.

4. ———— *Statutory Provisions — Ejectment.* Section 205, chapter 158, General Statutes of 1897, has no application to actions to quiet title, but to actions for the recovery of lands.

*Reversed by supreme court. See 60 Kan. 770.—REP.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed December 15, 1898. Affirmed.

L. F. Bird, for plaintiff in error.

Thomas J. White, for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This was an action brought in the trial court on September 24, 1894, by John M. Sheaff against James D. Husted and others to quiet his title to lots 1, 2, and 3, in block 4, Edgerton Place, an addition to the city of Kansas City, Wyandotte county. The plaintiff's title was based solely on a tax deed. The defendants answered denying the plaintiff's title and possession. The reply was a general denial. A trial was had to the court, without a jury, and the court made special findings of fact and conclusions of law, and rendered judgment "that the plaintiff take nothing by his said action ; that the defendants are dismissed without day ; that defendants recover from the plaintiff, J. M. Sheaff, their costs in this action, taxed at $39.65, for which let execution issue." The plaintiff filed a motion for a new trial, which was overruled, and presents the case to this court for review. The plaintiff in error contends, first, that the court erred in its findings of fact, in its conclusion of law, and in dismissing the action.

The findings of fact of which complaint is made are in substance as follows : In the year 1890, James D. Husted, the owner of the property in question, directed one Barnes to enclose the same with a hedge, post and wire fence, under an agreement between them that, in consideration of Barnes's building the

fence, he might use and occupy the same as a tenant for an indefinite period of time. The ownership and possession of the property were subsequently acquired by the Columbia Trust Company. A few days prior to the commencement of this action, the plaintiff went to the property in controversy, found the same in the occupancy of Barnes, stated to Barnes that he had a tax deed and intended to obtain possession thereof, exhibited his tax deed, and then and there made an arrangement with Barnes whereby he moved the fence, theretofore erected by him on the north side of lot 1, to the south side of lot 3, and erected a new post and wire fence on the north side of lot 1, thereby enclosing the three lots, for which services the plaintiff paid four dollars. It was also then and there agreed between the plaintiff and Barnes that the lots should continue to be used by Barnes for pasture. The above were the only acts of possession exercised by the plaintiff prior to the commencement of this action. The changing of the fence by Barnes was done without the knowledge or consent of the Columbia Trust Company, and Barnes continued in the occupancy of the lots after such change in the same manner as before, without any knowledge of such change by the Columbia Trust Company until after the commencement of this action. The findings of fact made by a trial court in a case tried without a jury are as conclusive upon this court as are the findings of a jury. Such findings will not be disturbed by this court if they are supported by the evidence. The findings of fact in this case are supported by the evidence.

At the time this suit was instituted Barnes was occupying the property as the tenant of defendants, and had been since 1890. The plaintiff attempted to have Barnes attorn to him without the knowledge or

consent of the defendants, and thus obtain possession. This was the only act of possession claimed or attempted to be proved by the plaintiff. Legal possession cannot be obtained in this manner. The attornment of a tenant to a stranger is void, and does not affect the possession of his landlord unless it be made with the consent of the landlord, or pursuant to a judgment at law or an order or decree of court. (Gen. Stat. 1897, ch. 121, § 16; Gen. Stat. 1889, ¶ 3623.) And further, there was included as a part of the consideration for the tax deed an illegal penalty of $2.09, also special taxes levied under chapter 214, Laws of 1887 (Gen. Stat. 1889, ¶ ¶ 5521–5531), providing for the improvement of county roads. This act is unconstitutional. (*Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, 34 Pac. 416.) The plaintiff should therefore fail in his action to quiet title; he was not in possession of the property, nor did he have superior title to that of the defendants. "An action may be brought by any person in possession by himself or tenant of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest." (Gen. Stat. 1897, ch. 96, § 1; Gen. Stat. 1889, ¶ 4697.) The court correctly concluded that the plaintiff could not maintain his action. The plaintiff contends that the defendant cannot insist that plaintiff was not in possession, after they have tried the question of title. This contention is not tenable. The defendants may rely on any one or more defenses so long as they are legal or equitable and not inconsistent.

The second assignment of error is that the court erred in refusing to ascertain the amount of taxes paid by the plaintiff and in not rendering judgment

therefor.   The case of *Belz v. Bird*, 31 Kan. 145, 1 Pac. 246, cited by plaintiff in error, does not apply to the case at bar.   That was an action in ejectment and not an action to quiet title.   The case of *Shaw v. Kirkwood*, 24 Kan. 476, is not applicable to the question under consideration.   It is true that was an action to quiet title by the holder of the tax deed.   The defendant in his answer interposed a general denial, also alleged that he was the owner and in possession of the premises and asked for general affirmative relief. The trial court found in favor of the defendant and against the plaintiff and rendered judgment accordingly, except that the court held that the taxes paid by plaintiff, with interest thereon, were a lien on the property, and ordered that the defendant pay the same.   The court, however, allowed interest only at the rate of seven per cent. per annum.   The plaintiff brought the case to the supreme court.   The defendant apparently was satisfied with the judgment rendered.   The only questions presented to the court were as to the validity of the tax title and the rate of interest.

The section under which the plaintiff claims judgment for the taxes paid is section 205, chapter 158, General Statutes of 1897 :

"If the holder of a tax deed or any one claiming under him by virtue of such tax deed be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and costs as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same, with interest on such amount at the rate of twelve per cent. per annum, and the

further amount of taxes after the date of such deed, and interest thereon at the rate of twelve per cent. per annum.''

This statute has no application to actions to quiet title, but to actions for the recovery of lands. ( *Corbin v. Young*, 24 Kan. 198 ; *Russell v. Hudson*, 28 Kan. 99.)

The motion for a new trial was properly overruled. The judgment will be affirmed.