JOHN M. SHEAFF v. JAMES D. HUSTED *et al.*

No. 11371.

LANDLORD AND TENANT—*Attornment to Holder of Tax Deed.* A tenant of an owner of the fee-simple title to real estate, upon being shown a tax deed to the property regular on its face, attorned to the holder of said tax deed, and thereafter recognized the latter as his landlord. *Held,* that the tenant was not estopped from so doing, and that the possession obtained by the holder of the tax deed was sufficient for the purposes of an action to quiet title under section 1, chapter 96, General Statutes of 1897 (Gen. Stat. 1889, ¶ 6991).

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS and SAM'L W. MC-ELROY, judges. Opinion filed July 8, 1899. Reversed.

*L. F. Bird,* for plaintiff in error.

*Thos. J. White,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: It will be decisive of this case to determine whether a tenant of the owner of a fee-simple title to real estate may attorn to the holder of a tax deed regular on its face but voidable for the reason that illegal taxes were included in the amount of the expressed consideration stated in the same.

The plaintiff below, plaintiff in error here, was defeated in his action to quiet title upon the ground that he was not in possession of the property. One Barnes, the tenant of the defendants in error, after a tax deed had been issued, recorded, and exhibited to him, recognized the tax-deed holder as his landlord, and the plaintiff below, who was the grantee in such deed, alleged this possession as the basis for a suit to quiet his title against the original owners. The court

of appeals held (*Sheaff v. Husted*, 8 Kan. App. ——, 55 Pac. 507) that this act of attornment on the part of the tenant was a denial of the title of the landlord, coming within the familiar rule that the tenant cannot be permitted to dispute such title.

We differ with the court of appeals in the application of the rule to the facts of the case before us. The plaintiff in error held a tax deed, which was regular upon its face and in substantial conformity with the form prescribed by section 197, chapter 158, General Statutes of 1897 (Gen. Stat. 1889, ¶ 6991). When presented with this title the tenant was justified in recognizing the grantee in such deed as the owner of the property. The original owner had suffered the property to be sold for taxes and his delinquency continued until a tax deed was issued. It has been held, in *Smith v. Cooper*, 38 Kan. 446, 16 Pac. 958, that a tax deed void on its face conveys no title. The tenant, however, by an examination of this deed could see that it conveyed title, and it would be unreasonable to require him to examine into the tax proceedings back of the deed and make his right to attorn depend on their regularity. In 1 Wood's Landlord and Tenant, 497, it is said : "In all cases it is competent for the tenant to show that the landlord's title has terminated, as, that the premises have been sold under foreclosure proceedings, under execution, or for taxes, or, indeed, that the title of the landlord has, from any cause, expired." See *Weichselbaum v. Curlett*, 20 Kan. 709; *Lyn v. Washburn*, 3 Colo. 201; *George v. Putney*, 4 Cush. 351.

The judgments of the court of appeals and the district court are reversed and a new trial ordered.