## THE EQUITABLE INVESTMENT \TRUST COMPANY V. J. A. ESSEX.

· No. 14,567.. (86 Pac. 467.)

SYLLABUS BY THE COURT.

QUIETING TITLE—*Suit by Tax-deed Holder—Lien for Taxes.* In a suit by the holder of a tax deed against the original owner to quiet title, if he fail to establish his title, he cannot have the taxes paid decreed to be a lien upon the land.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 6, 1906. Affirmed.

### STATEMENT.

J. A. ESSEX, who was in possession of certain lots in Kansas City, Kan., brought his suit against the plaintiff in error and others to quiet his title thereto. The plaintiff in error filed its answer and cross-petition, in which it claimed to be the owner in fee of the lots, alleging fully its title and also what it claimed to be the plaintiff's title, stating that he had derived title

from B. and Mary T. Gray, husband and wife, but that previous to such conveyance the Grays had conveyed the lots to James S. Thornton and Woodford R. Thornton, executors of the will of James T. Thornton; that these executors had been succeeded by Edwin W. Zea, as administrator with the will annexed of the estate of James T. Thornton, deceased; that as such administrator Zea and the heirs of James T. Thornton had some interest or estate in the lots; and asked that they be made parties and be required to plead, so that the entire controversy concerning the title might be finally determined and title quieted in the Equitable Investment Trust Company.

To this cross-petition the plaintiff filed a general denial. When the cause was called for trial the court, upon the request of the plaintiff, dismissed his suit, and the cause was tried without a jury upon the issues joined by the plaintiff's reply to the plaintiff in error's cross-petition. Upon this issue it was held that the tax title under which the plaintiff in error claimed was void and that it had no title to the lots. It then applied for a finding by the court of the amount due it for taxes and asked that such amount be decreed to be a lien upon the lots. After hearing the evidence as to the amount of taxes the court refused to adjudge a lien therefor, on the ground that the suit was one to quiet title. The refusal of the court to decree a lien for the taxes claimed to have been paid by the plaintiff in error is the only error assigned.

*Bird & Pope,* and *Reed & Reed,* for plaintiff in error.
*Keplinger & Trickett,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This is a suit by the plaintiff in error, on its cross-petition, to quiet its title to the lots in controversy. No other issue was triable under the cross-petition and reply. It is settled in this state that if a

16—74 KAN.

tax-deed holder, in a suit by him against the original owner to quiet title to real estate, fails in establishing his title he cannot convert his suit into a possessory action and have the taxes paid by him declared to be a lien on the real estate. (*Corbin v. Young*, 24 Kan. 198.) The reason for this is that ample provision is made by statute for relief in such cases and there is no occasion for resorting to a court of equity. Section 7681 of the General Statutes of 1901 reads:

"If the holder of a tax deed or any one claiming under him by virtue of such tax deed be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and cost as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same, with interest on such amount at the rate of twelve per cent. per annum, and the further amount of taxes after the date of such deed, and interest thereon at the rate of twelve per cent. per annum."

Under this section the plaintiff in error has a plain and adequate remedy which is open to it and which it must pursue if it desires to have taxes paid by it adjudged a lien on the real estate.

Counsel insist that *Corbin v. Young*, 24 Kan. 198, is a precedent for their contention. They say that in that case "the court did the very thing that the plaintiff in error asked to have done in this case; adjudged the taxes a lien on the land." Evidently counsel misunderstand the ruling in that case. The suit was commenced by a tax-deed holder against the original owner to quiet his title. Upon the trial the tax title was set aside, the amount due plaintiff on account of taxes paid by him was found, but the court refused to adjudge a lien on the land therefor. This was one of the principal grounds of error urged in this court. Upon that ques-

tion the court, in affirming the judgment of the trial court, said:

"If this had been an action for the recovery of the land, then, under section 142, Laws of 1879, page 967, the claim must have been sustained. (*Fairbanks v. Williams, ante,* p. 16.) But an action to quiet title is not an action for the recovery of the land. Indeed, in this case the plaintiff alleged in his petition that he was in the actual possession. Can the plaintiff, not proceeding under said section 142, but in an ordinary equitable action, obtain a decree of foreclosure of a tax lien? It is undoubtedly true that by statute taxes are made a lien, and that equity, when it takes jurisdicion, enforces a lien by foreclosure and sale. But has equity any jurisdiction in this case? Can the holder of a tax lien foreclose it as he would a mortgage lien? We think not. The statute has prescribed the proceedings in reference to taxes, tax sales, redemptions, and also to secure the rights of tax purchasers; and whenever these proceedings apply a party may not invoke the general jurisdiction and proceedings of the courts." (Page 201.)

Counsel also cite *Sheaff v. Husted,* 60 Kan. 770, 57 Pac. 976, and assert that it was held in that case that "the plaintiff in an action to quiet a tax title is entitled to have his lien for taxes." No such question was involved or decided in that case. The only question decided was that a tax-title holder who procured the tenant of the original owner to attorn to him had such possession that he might maintain a suit to quiet his title.

The holder of a tax title who institutes a suit to quiet his title against the original owner, if defeated, cannot in the same suit have the taxes paid by him adjudged a lien on the real estate. The statute provides another remedy, and he must resort to such remedy. The judgment is affirmed.

All the Justices concurring.