SAMUEL FITCH v. JOHN C. DOUGLASS.

No. 15,053.   (90 Pac. 769.)

SYLLABUS BY THE COURT.

TAXATION—*Tax Deed Acquired by a Tenant—Occupying Claimant—Compensation for Improvements.* A tenant who is under no obligation to pay taxes on the leased property, and who acquires a tax deed thereto good upon its face, is entitled to the benefit of the occupying claimant's act; and although in fact the tax deed was irregularly issued and is invalid as a conveyance of title he cannot be dispossessed by his landlord without being compensated for lasting and valuable improvements which he made before action was brought against him.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed June 8, 1907. Reversed.

*Hawn & Wendorff,* for plaintiff in error.

*Dawes & Rutherford,* and *John C. Douglass,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:  John C. Douglass brought an action against Samuel Fitch and his wife for the possession of a tract of land. Fitch claimed ownership under a

tax deed which was found to be invalid. Fitch then asked to be reimbursed for the taxes he had paid, and also for improvements he had made upon the property. His claim with respect to taxes was allowed in part, but that regarding improvements was denied entirely. He acquiesced in the order holding his deed void as a conveyance of title, but prosecutes error from the judgment fixing the amount of his lien.

There was evidence that the taxes for which the property was sold included several items based upon illegal charges, and that the owner, Douglass, had tendered to the county treasurer payment of the amount lawfully due. The amount of Fitch's lien was determined upon the assumption that this tender cut off interest and penalties from the time it was made. Since the judgment was rendered this court has held that under our statute, in a case like the present, such a tender is without effect. (*Schiffer v. Douglass*, 74 Kan. 231, 86 Pac. 132.) The plaintiff in error is therefore entitled to a reversal in order that his lien for taxes paid may be readjusted upon this basis.

The defendant in error seeks to justify the action of the trial court in denying to Fitch the benefit of the occupying claimant's act upon the ground that at the time he acquired the tax deed he was in possession of the property as the tenant of Douglass. It is not contended that he was under any obligation to pay taxes upon the leased property, and it is conceded that if the tax deed had been in all respects regular he might have maintained title and possession under it. But it is said that when the deed proved to be irregular, and inoperative as a conveyance, it ceased to afford him protection of any character. The argument made is this: A tenant may not dispute that his landlord at one time had title, but he may show a change of ownership; he may attorn to the holder of a valid tax deed, because such an instrument necessarily destroys his landlord's former title, under which he went into possession; but a tax deed irregularly issued does not

destroy the landlord's title or impair the landlord's' right of possession; therefore, notwithstanding its issuance, the tenant's occupancy continues to be that of the landlord, whose title he is still bound to recognize. The reasoning is plausible but fails to meet the present situation, because the tenant has a right to assume that a tax deed fair upon its face was regularly issued and to act upon that assumption until an attack is made upon it. (*Sheaff v. Husted,* 60 Kan. 770, 57 Pac. 976.) Inasmuch as he may attorn to the holder of such an instrument without inquiring into the tax proceedings back of it, he may assert title under it himself; and notwithstanding it may afterward be set aside for latent defects he will be protected in expenditures made for lasting and valuable improvements. It is not necessary to determine what the effect might be if the deed proved to be invalid by reason of some defect apparent upon its face. The deed here involved appears to be sufficient in form and no patent irregularity has been pointed out.

After the judgment was rendered Fitch's wife died. The action was revived in the name of her heirs. The defendant in error asserts that it should have been revived in the name of her personal representative, and that because this was not done there is a defect of parties in this court. Mrs. Fitch was made a defendant in the ejectment action, and joined with her husband in an answer, which consisted of a general denial of the allegations of the petition, but the tax deed ran to Fitch alone. His wife had no interest in the matters involved in the present proceeding and the absence of her executor or administrator is not material.

Objections relating to the making of the case have also upon examination been found to be not well taken.

For the reasons stated the judgment is reversed and the cause remanded for further proceedings in accordance herewith.