Alison v. Harper.

o

No. 21,800·

JOHN W. ALISON et al., *Appellees*, v. JOHN HARPER, *Appellant*, et al.

### SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Void Tax Deed—Judgment—Tax Lien Allowed—Appeal—Estoppel.* In an action to quiet title, where plaintiffs' title was based upon a void tax deed, the defendant answered alleging the invalidity of the tax deed and asking to be dismissed with costs, but afterwards enlarged the issues and, on the trial, introduced evidence to establish his own title. The court adjudged him to be the owner of the land, but allowed the plaintiffs a lien for taxes paid. *Held,* that the defendant, without appealing from the judgment in his own favor, cannot accept the benefits of that part of the judgment and question the authority of the court to allow a lien for the taxes, on the sole ground that the action was an equitable one.

2. VOID TAX DEED—*Failure to Record within Six Months—Not Validated by Curative Statute.* A tax deed which has become void because of the failure to file it for record until more than six months after it was executed, is not made valid by the curative act (Gen. Stat. 1915, § 2084) which provides that when any instrument of writing shall have been recorded for the period of ten years, and there is a defect, because the instrument is not acknowledged, or because of any defect in the execution, acknowledgment, recording, or certificate of recording the same, such instrument shall, from and after the expiration of ten years from the filing thereof for record, be valid as though such instrument had, in the first instance, been in all respects duly executed, acknowledged, and certified.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed April 12, 1919. Affirmed.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appellant.

*S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action, which was to quiet title to a half section of land in Gray county, was commenced under section 618 of the code of civil procedure. An amended petition set out the source of plaintiffs' title, which is a tax deed issued in 1889. It was alleged that the defendants claimed some right or interest in the land which was a cloud on plaintiffs' title, and it was asked that they be compelled to set up their claims. In both petitions plaintiffs asserted actual and peaceable possession since 1889. John Harper, the only defendant upon whom service was obtained, answered with a general denial, admitting he claimed an interest in the land, and alleging that plaintiffs' tax deed is void because it was not recorded within the time prescribed by law. The court found the facts, and held the tax deed void because it had not been recorded until more than six months after it was issued. It was adjudged that John Harper was the owner in fee of an undivided eleven-fifteenths interest in the lands, that plaintiffs had no right, title, or interest, but they were given a lien for taxes and interest amounting to $3,062.85. Harper appeals upon the sole ground that it was error to allow the plaintiffs' tax lien.

The defendant Harper alleged in his answer that the tax deed was void, and asked no affirmative relief, but merely that he be dismissed with costs. His contention is that the right to a lien for taxes is purely statutory, and that section 11457 of the General Statutes of 1915 gives the remedy only in cases where "the holder of a tax deed or any one claiming under him by virtue of such tax deed be defeated in an action by or against him for the recovery of the land sold."

The principal cases relied upon are *Corbin v. Young*, 24 Kan. 198, *Coonradt v. Myers*, 31 Kan. 30, 2 Pac. 858, and *Trust Co. v. Essex*, 74 Kan. 240, 86 Pac. 467, to the effect that a holder of a tax deed who fails to establish the validity of his deed in an action to quiet title against the original owner will not be entitled to a tax lien.

Exceptions have been recognized to the rule stated in the foregoing cases. The rule does not deprive a court from allowing a tax lien, merely because the action is an equitable one, nor merely because neither party seeks to recover possession.

Alison v. Harper.

In *Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133, a tax lien was allowed the defendant in an action to quiet title. In that case plaintiff brought an action to quiet his title as against the claim of an interest in the land by the defendant, and asked that the defendant set up his claim and that it be adjudicated. The defendant answered, setting up a tax lien, and asked the court to protect his right to a lien, and it was held that under those circumstances, the court was warranted in adjudicating the defendant's rights and in granting him affirmative relief by a lien for the taxes. It was said in the opinion:

"After inviting Lantis to set up his interest and to have it adjudicated, Davidson is hardly in a position to object to a judgment which determined that interest and which directed the enforcement of a lien found to exist." (p. 559.)

It has been said that "one who stands wholly upon the defensive may, without proving his own interest, show that a tax deed" is void. (*Parker v. Vaughn,* 85 Kan. 324, syl. ¶ 1, 116 Pac. 882.) In the present case, the defendant might have stood upon his answer attacking the validity of the tax deed, and asking merely to be permitted to go out of court with his costs; but he was not content with this. He introduced tne evidence of his own title, thereby enlarging the issues, and he obtained from the court much more than a mere judgment that the plaintiffs' tax deed was void. The court quieted his title against the plaintiff, and adjudged him to be the owner in fee of the land. He does not appeal from that part of the judgment, but seeks to hold fast to his affirmative relief, and, on technical rules of pleading, avoid repayment of the taxes advanced by plaintiffs. After first declining the invitation to set up his own claims of title, he reconsidered the matter and offered proof to establish his title, and accepted the benefits of the judgment granting him affirmative relief; and he cannot now complain that the conditions which the court imposed are inequitable.

Plaintiffs have a cross appeal in which they renew their contention in the court below, that the failure to record the tax deed is cured by section 2084 of the General Statutes of 1915, known as the curative act, which provides that when any instrument of writing shall have been recorded for the period of ten years and there is a defect, because the instrument is

not acknowledged, "or because of any defect in the execution, acknowledgment, recording or certificate of recording the same, such instrument shall, from and after the expiration of ten years from the filing thereof for record, be valid as though such instrument had, in the first instance, been in all respects duly executed, acknowledged, and certified." The statute merely purports to cure defects caused by a failure to acknowledge the instrument, or defects in the acknowledgment, execution, or recording of the instrument. There was no defect in the recording of the tax deed; the register of deeds properly performed his duty, but the holder of the deed failed to file it for record until it had become void.

The plaintiffs contended at the trial, and sought to show, that Harper, who is an attorney at law and at times engages in the real-estate business, had acquired his title to the land under circumstances which made him, in equity, the trustee for the plaintiffs; that while acting as plaintiffs' agent for the sale of the land, he examined their abstract which they sent him, discovered that their title was defective, and as an attorney advised them how it could be perfected; and that while representing them as their attorney, he obtained information from their abstract of title which he afterwards used to his own advantage in procuring the outstanding adverse title under which he now claims. The court, however, made a finding that the relation of attorney and client never existed. While the correspondence between the parties came very near to creating that relation, we think the decision of the trial court upon that matter must be sustained.

The judgment is affirmed.