No. 28,738.

RAY K. HART, *Appellee,* v. E. M. WILEY et al., *Defendants;* MARY MASON MADDIS, *Appellant.*

(285 Pac. 548.)

Opinion filed March 8, 1930.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellant.

*Thurman Hill, John M. Cook* and *Chester Stevens,* all of Independence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to quiet title. There was judgment for plaintiff, and the defendant, Mary Mason Maddis, has appealed.

For the purpose of considering the questions presented we start with the title to the land in question in John Mason, who in 1905 executed a will disposing of this land by a paragraph which reads as follows:

"I will, devise and bequeath to my beloved son [Thomas E. Mason] and

heirs of his body (the land is described), the same not to be mortgaged or sold during the lifetime of my son."

After the death of John Mason the son, Thomas E. Mason, and his wife, Mary Mason, lived on this land for a number of years. In 1920 Mary Mason sued Thomas E. Mason for a divorce and alimony and sought the custody of minor children and pay for their support. The parties entered into a stipulation in which they agreed that the following is a fair, just and equitable division of their property rights and a fair division of their joint property:

First, that plaintiff should have as her full distributive share of the joint property of the parties, and in full of alimony, suit money and maintenance, the sum of $2,000 in cash, of which $500 was paid at the time of the stipulation and $1,500 payable on or before October 1, 1921, with 8 per cent interest. Second, "that the real estate now owned by the parties (which included the land in question). on which there is a mortgage of thirty-six hundred ($3,600) dollars, and all personal property . . . is and shall become the sole absolute property of the defendant, subject to all mortgage liens now on said property, which defendant hereby assumes and agrees to pay and holds plaintiff free and harmless from the payment of any such liens or any part thereof." There was a further provision with respect to the division of the household goods, the custody of the minor children and their support, and ". . . It is agreed, subject to the approval of the court, that this stipulation shall be in full settlement of the property rights of the parties hereto and that no other judgment shall be made or rendered herein, with reference to the division of property, alimony, suit money or any money judgment against the defendant, except that the judgment shall be and become a lien against all property now or hereafter owned by said defendant, which is not now subject to mortgage."

On the trial of the divorce action judgment for divorce was rendered for plaintiff, and the court found the stipulation "to be fair, equitable and just division of the property rights between plaintiff and defendant."

The court decreed the custody of the children and the amount defendant should contribute to their support in accordance with the stipulation, and further—

". . . ordered, adjudged and decreed that said stipulation, as to property rights, be and the same is hereby ratified, confirmed and approved and that each of the parties is hereby given as his or her own individual property re-

spectively to handle and dispose of without the consent of the other the property set aside to each as in said stipulation provided, except, however, the property of said defendant shall be subject to the payment of the amount herein decreed to plaintiff and to the payment of the amount herein specified towards the maintenance and support of the two minor children; . . ."

Thomas E. Mason did not pay the $1,500 which by the stipulation, confirmed by the court's decree, he had agreed to pay by October 21, 1921, and in January, 1926, Mary Mason caused an execution to be issued upon the decree in the divorce case, levy to be made upon the land in question; the same was sold by the sheriff and bid in by her, the sale was confirmed, and there being no redemption of the property in the eighteen months' period for redemption, a sheriff's deed was issued to her August 20, 1927. In the meantime, and on February 13, 1927, Thomas E. Mason had conveyed the real property in question by general warranty deed to the plaintiff, Ray K. Hart, who, on March 29, 1927, began this action to quiet title. The only defendants named in the action are Mary Mason Maddis and E. M. Wiley, Mary Mason having remarried.

We shall first examine the decree in the divorce case to see whether the sums provided therein to be paid by Thomas E. Mason were made a lien upon the land in question. By the stipulation of the parties it was agreed that there was a mortgage for $3,600 on this land, that all of the title which the parties had to the real estate was to pass to Thomas E. Mason, who assumed and agreed to pay the mortgage and hold Mary Mason free from liability thereon. It was further agreed that the money judgment to be rendered in the action should be a lien against all property then or thereafter owned by Thomas E. Mason "which is not now subject to mortgage." By their stipulation, therefore, the parties did not impress a lien upon the land in question for the payment of any money judgment to be rendered in the action. The court found this stipulation "to be fair, equitable and just" in its entirety and without exception, and in his decree specifically approved it. The question is: Did the court, notwithstanding the stipulation, his findings thereon and his approval of it, intend to impress a lien on this land with a money judgment rendered against defendant in the action by this language in the decree, "except, however, the property of said defendant shall be subject to the payment of the amount herein decreed to plaintiff" and for the support of the children? It seems clear to us that this language did not have that effect, but on the

other hand that the court was making the money judgment rendered against defendant a lien upon, or charge against, all property then owned, or afterwards acquired by, defendant, except that then subject to mortgage, which was the land in question, as the stipulation provided. That is the only interpretation of the decree consistent with his finding that the stipulation was "fair, equitable and just." It is the rule, frequently announced by this court, that when an action is tried to the court, and it makes findings of fact, it is presumed to have made all findings necessary to support the judgment rendered. (See *Martin v. Scott Lumber Co.*, 127 Kan. 391, syl., 273 Pac. 411; *Heyen v. Garton*, 129 Kan. 453, 283 Pac. 636, and authorities cited therein.) If the general language of the judgment appears to be broader than the findings it will be limited to them. The result is that the lien of the money judgment in favor of Mary Mason in the divorce action never attached to this land, and the same was not subject to sale under an execution predicated on such judgment and decree.

We are asked to say whether the will of John Mason created an estate tail in Thomas E. Mason and the heirs of his body, but we decline to do so for the reason that the decision of that question is not necessary for the determination of this case. It is also unnecessary and would be futile to pass on another question argued by counsel, namely, whether the interest of a tenant in tail can be sold on execution, and what is the nature of the estate that would pass to the purchaser at such sale.

One other point needs to be noted. The taxes on the land in question became delinquent, and in due course E. M. Wiley procured a tax deed. Plaintiff made Wiley a party defendant in the action, alleged that the tax deed was void as of conveyance of title, for reasons which need not now be stated. His testimony was that he had tendered Wiley the amount of the taxes with interest represented by his tax deed. The court below made it a condition of quieting title in favor of plaintiff and against Wiley that he pay Wiley the amount of the taxes with interest. The plaintiff has filed a cross appeal on this question and contends that the ruling of the court was erroneous for the reason that Wiley had never had possession of the property under the tax deed. Passing other considerations which would reach the same result, the action to quiet title was an equitable action. It was within the judicial discretion of the court to require the payment of such taxes as a

condition to quieting title in plaintiff. (*Alison v. Harper*, 104 Kan. 497, 180 Pac. 449.) There is nothing in this record to indicate that such discretion was abused.

The judgment of the court below is affirmed.