*42 By the Court,
G-rimke, Judge.
The proceedings in this case show a defect which is very common in tax sales. Lot 32 was listed and advertised for sale, with eight others of the same ten acre lots, by the following description. The first and second columns contain the *range and township, the third enumerates the nine lots by their number, and the fifth contains an apportionment in gross, of the tax for which they were delinquent. The law requires that the auditor should so list and advertise the land as to furnish the owner with a description of the land subject to taxation ; and that the sale shall be advertised and conducted in conformity with that rule. In this instance there was an assessment in gross of the whole amount of the tax chargeable upon the nine lots, and yet each lot was put up and sold to pay the tax on it separately. The land is not treated as an entire tract in the list, advertisement, or sale, but is so treated in the apportionment of the tax. Now it is evidpnt that the course pursued should have been throughout consistent with itself. If the lots might be treated as separate and distinct parcels of land, then the tax charged upon them should have corresponded with that fact in the description. Or, if they should be treated as one entire tract, then, although the assessment of the tax in the advertisement as one aggregate sum, would have been correct, the description of the land would itself be erroneous, and so also would the sale under which the plaintiff in error claims. In either case, the title is defective, and the court were right in ruling out the evidence..
Judgment affirmed.