### BEACH v THRIFT INVESTMENT CO. et

Common Pleas Court, Cuyahoga Co

No 496425. Decided Dec 26, 1940

George Beach, Cleveland, and George Jack Heil, Cleveland, for plaintiff.

David Perris, Cleveland, Frank T. Cullitan, county prosecutor, Cleveland, A. M. Braun and Ralph W. Edwards, assistant county prosecutors, Cleveland, for defendant.

## OPINION

By McNAMEE, J.

The land described in the petition was forfeited to the state by omission from the foreclosure list followed by publication pursuant to §5718-2 GC, and was offered for sale at public auction on March 19, 1940. Plaintiff was the highest bidder at the sale, paying ten per cent of the purchase price plus $1.25 to cover the cost of an auditor's deed. Averring that he is ready, willing and able to pay the balance of such purchase price, plaintiff seeks a declaratory judgment praying that his rights and status as a purchaser be determined, and that he be adjudged the owner of said property free and clear of all liens and encumbrances.

The defendant, Adolph Pasternak, is the holder of a mortgage on said property and contiguous parcels of land including the property described in the cross petition of defendant Jontzen.

Cross petitioner Jontzen was the purchaser at a forfeited land sale of the property described in his cross petition. Unlike plaintiff said cross petitioner has paid the full purchase price and received the deed from the county auditor. The cross petitioner joins in plaintiff's prayer for a declaratory judgment asking that his title to said property be adjudged free and clear of the defendant Pasternak's mortgage and of all other liens and encumbrances thereon. The property sold to cross petitioner Jontzen by the auditor consists of a parcel of 3.446 acres which is a part of a parcel consisting of 12.29 acres. The latter parcel was forfeited to the state under the provisions of §5744 GC, by omission from the foreclosure list followed by publication. There was no forfeiture of the 3.446 acre parcel except as this parcel constituted part of the larger one of 12.29 acres.

Defendant Pasternak asserts that the sales to the plaintiff and cross petitioner are invalid by reason of defects in the proceedings anterior to the sales. He further claims that he has the right to redeem the property bid in by plain-

tiff, inasmuch as the plaintiff herein has not received a deed from the county auditor. In open court defendant Pasternak offered to pay all taxes, assessments, interest and penalties assessed against the property purchased by plaintiff for the purpose of redeeming the same, and in April 22, 1940, he tendered the sum of $2,650.00 to the county auditor in payment of all charges against said property This tender was refused by the auditor solely because of the pendency of this action.

Defendant Pasternak further contends that neither the sales of forfeited lands nor the auditor's deed to the cross petitioner are efficacious to destroy or affect the validity and priority of his mortgage liens upon the properties in question.

The syllabus of **Kahle v Nisley, 74 Oh St 328**, reads as follows:

"Where, under §2899, Revised Statutes, lands have been duly forfeited to the state for the non-payment of taxes and penalty, a valid sale and conveyance of such lands by the county auditor, extinguishes all previous titles thereto, either legal or equitable, and invests the purchaser with a new and perfect title to said lands, discharged from all previous liens and incumbrances."

In its decision in the Kahle case the Supreme Court adhered to the law as declared in **Jones v Devore, 8 Oh St 430,** wherein it is stated, at page 432 of the opinion:

"A valid tax title therefore extinguishes all previous titles, legal or equitable, inchoate or perfect; and the purchaser takes the premises discharged from all previous liens and incumbrances whatever. The tax is assessed upon the land itself, and is a paramount lien upon it; and its payment can be enforced only by the sale of the specific property taxed. All persons having any interest in the premises must, therefore, see to the payment of the taxes at their own peril."

In the Jones case also the Supreme Court quoted with approval from **Gwynne v Niswanger, 20 Ohio 556** (1851) as follows: "A tax title from its very nature has nothing to do with the previous chain of title; does not in any way connect itself with it. It is a breaking up of all previous titles. The party holding such title, in proving it, goes no further than his tax deed; the former title can be of no service to him, nor can it prejudice him. It matters not how many different interests may be connected with the title, what may be the particular interest of the party in whose name the property may be listed for taxation; it may be a mere equitable right; if the land be regularly sold for taxes, the property, accompanied with a legal title, goes to the purchaser, no matter how many estates, legal or equitable, may be connected with it."

See also Heffner v North Western Life Insurance Company, 123 U. S. 309.

In **Cech v Schultz, 132 Oh St 353, 8 OO 113,** the Supreme Court cites with approval the syllabus of the Kahle case (supra) and in the third paragraph of the syllabus of the Cech case it is held:

3. "Sections 5744 and 5762 GC (114 Ohio Laws, 838 and 841), plainly indicate that a purchaser at a land forfeiture sale acquires, as against the owner not merely a lien, but a prima facie and absolute title to the property, where the statutory proceedings have been legally complied with and no constitutional rights of the owner have been abridged."

Thus from 1851 to the latest pronouncement of the Supreme Court in 1937 it has been uniformly held by the court of highest resort in this state that a purchaser at a tax sale or at a sale of land forfeited for nonpayment of taxes, upon receipt of the auditor's deed, obtains an absolute estate in fee simple free from all existing liens and encumbrance.

Defendant Pasternak asserts, however, that §8542-1 GC, (effective August

1937) is effective to preserve the validity and priority of his mortgage liens upon the lands acquired by the State through forfeiture and sold to the plaintiff and cross petitioner herein.

He further contends that upon forfeiture of land to the state under the provisions of §5744 GC, the state obtains only the title, right, interest and claim of the former owner subject to liens and encumbrances existing thereon.

The latter proposition will be first considered. Sec. 5744 GC reads:

"Every tract of land and town lot offered for sale in foreclosure proceedings, as provided in the next preceding chapter, and not sold for want of bidders, and every tract of land and town lot omitted from foreclosure proceedings and duly advertised as provided in this chapter shall be forfeited to the state. Thenceforth all the right, title, claim, and interest of the former owner or owners thereof, shall be considered as transferred to, and vested in the state, to be disposed of as the General Assembly may direct."

The defendant vigorously urges that "no statute has ever said that the state gets a title free from liens. It gets (by forfeiture) the title of the former owner; that what is sold at forfeited land sale is not the state of Ohio's title but the title of the former owner divested by administrative process".

The importance of the question presented justifies a careful examination of the argument thus made. It is well known that notwithstanding the Supreme Court's repeated declarations upon this subject there still exists considerable doubt as to the character of title obtained by a purchaser at a forfeited land sale and many members of the bar as well as title companies generally adopt the view that forfeiture to the state by virtue of §5744 GC, does not divest lienholders or encumbrancers of their interests in the property. Upon this premise rests the argument that the state by obtaining only the right, title, interest and claim of the prior owner subject to liens and encumbrances can not pass to the purchaser at a forfeited land sale a title free from such liens and encumbrances.

In denying the validity of this argument this court holds that an examination of the statutes applicable to the assessment and collection of taxes discloses an intention on the part of the legislature in the enactment of §5744 GC, to forfeit the entire estate in the property to the state of Ohio.

In assessing real property for taxation the state assesses not only the land but the entire estate therein. Clark v Linsey, 47 Oh St 437. The interests of the feeholder, encumbrancer and lienor are all subject to this paramount power of the sovereign. The entire estate being liable for and subject to taxation the whole estate and all of the parts thereof, and all interests connected therewith, are subject to the state's lien regardless of the priorities in time. A lien for taxes in a fixed amount at a definite period of time which is superior to all other liens continues to be the superior lien in an increased amount with each addition to the tax delinquency. To the extent that the lien for taxes increases, the interest of the owner, lienors and encumbrancers is diminished. A lien for taxes therefore can not be said to be anything less than a lien upon the entire estate and consequently a lien upon each part of, or interest therein.

To enforce this lien the state has the power to sell the property. The state can not be limited in this right, to a sale of a lesser interest than that upon which its lien attaches. Forfeiture of the owner's right, title, claim and interest does not operate to restrict or curtail the state's right to sell the entire estate. If it did, then a forfeiture to the state would operate to cut down the quantum of the estate upon which its lien attached for the purpose of sale after the forfeiture.

By forfeiture the state does not acquire an indefeasible estate in fee simple. After forfeiture the property continues subject to taxation. It may be redeemed by the owner before it is

disposed of by the state. The state can not use such forfeited land for any purpose either in its proprietary or governmental capacity. The state can not dispose of it except for the purpose of satisfying its tax lien and then only in the specific manner prescribed by law. But by forfeiture the state does acquire something in addition to the lien it possessed prior thereto, otherwise the provisions of §5744 GC, would be meaningless. By forfeiture the state acquires the right to sell the entire estate in the land. By forfeiture the owner is divested of his right, title, claim and interest subject to his right to be restored thereto by redemption. During the interim between forfeiture and sale the state must be deemed to be in constructive possession of the property and the whole estate therein for the single purpose of enforcing its lien for taxes. Upon the accomplishment of such purpose by a sale of the property in the manner prescribed by the general assembly there is conveyed to the purchaser title to the whole estate.

· The foregoing conclusions are confirmed upon an analysis of the statute relative to the redemption of property after forfeiture.

Sec. 5746 GC, reads:

"If the former owner of a tract of land or town lot, which has been so forfeited,· at any time before the state has disposed of such land or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties, and interest due thereon at the time of such forfeiture, with the interest which has since accrued thereon, as ascertained and certified by the auditor, the state shall relinquish to such former owner or owners, all claim to such land or lot. The county auditor shall re-enter such land or lot on his tax-list, with the name of the proper owner."

In his opinion, No. 209, page 302, Volume 1, 1933, the Attorney General of Ohio, holds:

"A mortgagee may not, pursuant to the provisions of §5746 GC, redeem forfeited lands and cause the title to the premises to be vested in the mortgagee."

Counsel urge that the Attorney General's interpretation of §5746 GC, precludes redemption by anyone other than the owner. The court disagrees with this view. The attorney general is correct in stating that a mortgagee can not redeem the property and have the title placed upon the duplicate in his name. Such proceeding would be tantamount to the sale of the property to the mortgagee in a manner not authorized by law. However, the attorney general does not state that a mortgagee can not pay the taxes after forfeiture of the land and have the property restored on the duplicate in the name of the owner. The owner, upon whom rests the primary duty of paying the taxes, is permitted after his default which resulted in a forfeiture, to redeem the property. No good reason exists why a lienor or encumbrancer whose comparative negligence or fault is less than that of the owner should not be permitted to redeem also. To hold that he may not protect his interest after forfeiture by paying the taxes would result in unjust discrimination. Upon paying the taxes the lienor or encumbrancer has the right to have the property released from forfeiture and restored on the duplicate in the **name of the owner** so that such lienor or encumbrancer may proceed by foreclosure or otherwise to protect his interest.

The rights of the owner and lienholder before forfeiture with respect to the payment of taxes for the protection of their respective interests are equal. (Secs. 5682, 5683 and 5689 GC). These rights remain on a parity after forfeiture. Very often in such cases the mortgagee or lienholder has the only interest worth protecting.

If it be true that a mortgagee or lienholder has the right after forfeiture to redeem the property in the manner above indicated such right of redemption exists because the lienor or

encumbrancer has lost his interest by forfeiture of the property to the state. It therefore clearly appears that upon forfeiture the entire estate in the land passes to the state.

The foregoing observations are in harmony with the following declaration of the Supreme Court in **Jones v Devore, 8 Oh St, at page 432:**

"The tax is assessed upon the land itself, and is a paramount lien upon it; and its payment can be enforced only by the sale of the specific property taxed. All persons having any interest in the premises must, therefore, see to the payment of the taxes at their own peril."

Defendant's argument that the provisions of §8542-1 GC, are effective to preserve the validity and priority of his mortgage liens must also be rejected. The pertinent provisions of §8542-1 GC, are as follows:

"The lien or priority of any existing valid mortgage or lien shall not be affected by reason of the fact that the state of Ohio or any political subdivision thereof has acquired or does acquire the property on which said lien exists unless said property is acquired by regular judicial proceedings as prescribed by law."

The provisions of §8542-1 GC, are inapplicable in cases of █ property forfeited to the state. By forfeiture, the state does not acquire property with all the rights and privileges of ownership, including the nonliability for taxation of property owned by the sovereign. As hereinabove noted, forfeited land is held subject to redemption, and the right of redemption extends to all those claiming an interest in the forfeited land. This being true lienholders or mortgagees who failed to redeem forfeited land before sale nevertheless would be protected in the validity and priority of their liens after sale by virtue of §8542-1 GC, if the provisions of this section applied. The ano-

maly thus produced demonstrates that the legislature never intended that the provisions of §8542-1 GC, should apply to lands forfeited to the state for non-payment of taxes. The provisions of §8542-1 GC, are applicable in those cases where property is acquired by the state with all the incidents of ownership free from burdens and inhibitions as to its use with no restraints on alienation and unencumbered by the existing rights of redemption of former owners. However, where such burdens, restrictions and existing rights encumber and becloud the title of the state, as is true in the case of forfeited lands, the provisions of §8542-1 GC, do not apply.

It has been erroneously assumed that the provisions of §8542-1 GC, are applicable in those cases where land is forfeited by omission from the foreclosure list followed by publication, but that such provisions are not applicable where the lien of the state is foreclosed by regular judicial proceedings. This contention presupposes a distinction between forfeitures to the state following foreclosure and forfeitures not preceded by foreclosure. No such distinction exists. Land is never forfeited to the state of Ohio by any judicial proceeding. In one class of cases forfeiture takes place by reason of omission from the foreclosure list followed by publication. In those cases where foreclosure proceedings are instituted the forfeiture occurs after foreclosure and upon a failure to sell the land.

The provisions of §8542-1 GC, are not only inapplicable to both classes of forfeiture, but the exception contained in §8542-1 GC, against preserving the validity and priority of liens on property acquired by the state of Ohio by regular judicial process, is also inapplicable because the state does not acquire forfeited land in foreclosure proceedings.

As further proof that the above quoted provisions of §8542-1 GC, are inapplicable in cases of land forfeited to the state, the strange logic necessary to the acceptance of a contrary view need

only be stated. If it be assumed that under §5744 GC, there is forfeited only the title, right, interest and claim of the former owner leaving the interests of lienholders and mortgagees unaffected by the forfeiture then the enactment of §8542-1 GC, in 1937 presumably designed to accomplish the same purpose would be an unnecessary and vain act of the legislature. This requires the indulgence of a presumption not permitted by the rules of statutory construction. Yet it is only upon this dubious premise that §8542-1 GC, can be applied to the forfeiture of lands to the state. If it be conceded that by virtue of §5744 GC, the entire estate in the land passes to the state of Ohio upon forfeiture, there remains after forfeiture, no interest of lienholder or mortgagee upon which the protective provisions of §8542-1 GC, can operate.

For the foregoing reasons the court holds that upon forfeiture of delinquent land to the state by virtue of §5744 GC, there passes to the state of Ohio the entire estate in the forfeited land subject to redemption by the owner or anyone claiming under or through the owner, and subject to the limitations upon use, and the restrictions against alienation of the land by the state. It is further held that the provisions of §8542-1 GC, do not apply to land forfeited to the state for the nonpayment of taxes.

Sec. 5718-3 as amended, effective August 30, 1939, requiring that notice be given by first class mail to all lienholders of record prior to forfeiture, does not apply to the lands involved in this proceeding, the forfeitures herein having occurred prior to August 30, 1939. Notice by publication was given of the forfeiture and sales in the case of each of the two parcels involved in this litigation.

While it is not seriously claimed that the forfeitures and sales of these properties without actual notice to the owner or mortgagee violates the due process clause of the United States Constitution, it is interesting to note that the Supreme Court of the United States has held that notice of publication in such cases is a sufficient compliance with the constitutional requirement.

In Castillo v McConnico, 168 U. S., at page 689, the Supreme Court of the United States, said:

"Conceding that a sale to enforce taxes made without notice, actual or constructive, would be a want of due process of law, it is yet obvious that the publication for 30 days required by the state law was sufficient notice to constitute due process of law."

There remains to be considered the claims of the defendant with respect to defects in the proceedings prior to the sale of the forfeited lands. The court finds no irregularity in the proceedings prior to the forfeiture and sale of the property purchased by plaintiff. The claim that the board of county commissioners at its regular meeting in June 1939 acted arbitrarily in directing the county auditor to sell the property at the next regular sale of forfeited lands to the highest bidder irrespective of the amount due for taxes, interest, assessments and penalties is not well taken. The board of county commissioners was authorized by the provisions of §5755 GC, to take such action if in its opinion the sale value of the property was less than the amount of taxes, assessments, interest and penalties due thereon. Although defendant submitted testimony of experts tending to show the value of the property purchased by plaintiff to be substantially in excess of the price realized upon the sale, the court is of the opinion that the action of the county commissioners was in the exercise of a sound discretion. At a prior offering of the property for an amount not less than the taxes, assessments, interest and penalties due thereon it failed to sell for want of bidders. Upon the sale now challenged by defendant the price realized was less than the amount due the state for the tax delinquencies, penalties and interest. In view of these facts it can not be said

that the action of the county commissioners was arbitrarily taken.

Defendant Pasternak, however, has the right to redeem the property bid in by plaintiff. The institution of this action does not defeat his right as mortgagee to pay the taxes, interest and penalties and have the property restored on the duplicate in the name of the owner. Lis pendens does not affect the rights of those who had an interest in the property prior to the commencement of suit. Plaintiff does not have a deed to the property purchased by him nor does he have the auditor's certificate provided for in §5762 GC. Under the existing circumstances it can not be said that the property has been disposed of by the state so as to foreclose the mortgagee's right of redemption under §5746 GC. The defendant having offered to pay the full amount of the charges of the state against the property described in the petition should be permitted to do so. It is therefore ordered that defendant Pasternak pay the taxes, assessments, interest, penalties and additional interest, if any, due thereon within five days after the entry of the decree in this case. Upon his failure to do so within such time the county auditor may deliver a deed to the property described in the petition to plaintiff upon the payment by him of the balance of the purchase price.

The sale of the property described in the cross petition of defendant Jontzen is undoubtedly invalid. The original tract of land forfeited to the state consisted of a parcel comprising 12.29 acres. In all subsequent proceedings, including the first notice of sale in 1939, the land so forfeited was correctly described as being 12.29 acres.

In 1940, at the time of the last advertisement for sale the county auditor divided this parcel into one tract of 8.844 acres and one of 3.446 acres. No reason or explanation for such action appears. These separate parcels, constituting parts of the original forfeited land, were offered for sale in 1940. The one parcel of 8.844 acres was bid in but the purchaser later withdrew his bid. Cross petitioner Jontzen, however, purchased the smaller parcel of 3.446 acres which is described in his cross petition and obtained a deed therefor. Apparently the assessment for taxation was upon the entire parcel of 12.29 acres and not separately upon the two parcels thereafter offered for sale. The statutes regulating the sale of forfeited lands do not confer upon the county auditor the power to divide or subdivide such forfeited lands. Secs. 5750 and 5751 GC, provide for the sale of lands "so forfeited". Nor does the state after forfeiture have such rights of ownership as permit a division or separation of the forfeited lands for the purposes of sale, in the absence of statutory authority conferring such power.

"Where a lot of land is listed for taxation, together with several others, and is so advisertised, but the assessments of tax was of one aggregate sum on all, separate sales and conveyances are unlawful and confer no title." **38 O. Jur., page 1168, §353.** See also **Miller v Scoville, 9 Ohio 43.**

Because of the irregularity in the sale of the property purchased by cross petitioner Jontzen, the court holds said sale to be invalid. A journal entry may be prepared in conformity herewith.